IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JESUS DIAZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-550 SLR |
| | ) |
| WARDEN THOMAS CARROLL, | ) |
| CMS CORRECTION MEDICAL SERVICE,) | |
| CPL MERSON, LEE ANNE DUNN, | ) |
| DEBORAH RODWELLER, and CINDY | ) |
| ATALLIAN, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this /4th day of December, 2006, having

screened the case pursuant to 28 U.S.C. § 1915 and § 1915A;

IT IS ORDERED that the allegations relating to grievances

filed by plaintiff and the medical malpractice claim are

dismissed without prejudice for failure to state a claim upon

which relief may be granted pursuant to 28 U.S.C. § 1915 and §

1915A, for the reasons that follow:

1. **Background.** Plaintiff Jesus Diaz, an inmate at the

Delaware Correctional Center ("DCC"), filed this civil rights

action pursuant to 42 U.S.C. § 1983. He also raises supplemental

state claims of breach of contract and medical malpractice. He

appears pro se and has been granted leave to proceed in forma

pauperis.

2. **Standard of Review.** When a litigant proceeds in forma

pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

3. The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

4. **Discussion**. Plaintiff alleges that defendants failed to provide adequate medical care resulting in pain and degenerative

-2-

loss of eyesight in both eyes. (D.I. 2 at 2, 16)  Grievances and sick call slips attached as exhibits to the complaint indicate that on August 29, 2003, plaintiff submitted a sick call slip complaining of eye problems and that he was referred to sick call. (D.I. 2, Ex. D)  Plaintiff filed a grievance on September 6, 2005, stating that since August 29, 2003, he had complained of a growth on his left eye and that, despite his requests, he did not receive medical care. (D.I. 2, Ex. A)  In the same grievance, plaintiff complains that the growth had progressed to the right eye. Id.  Defendant Lee Ann Dunn ("Dunn") investigated the matter and she indicated that plaintiff would receive medical attention. Id.  Plaintiff submitted a sick call slip on December 5, 2005, seeking medical attention for his eyes, and the slip states, "consult for eye doctor written 12/27/05." (D.I. 2, Ex. C)  Defendant Cindy Atallian ("Atallian"), a counselor, met with the medical staff to discuss plaintiff's eye issue and informed plaintiff on January 19, 2006, that details were being worked out and that she was hopeful it would not take too long for an appointment with an eye specialist. (D.I. 2, Ex. E)  On February 23, 2006, Atallian corresponded with medical to review a letter authored by plaintiff regarding medical concerns over his eyes. (D.I. 2, Ex. F)

5.  Plaintiff filed a second grievance on April 13, 2006, again complaining of problems with both eyes, and that previous

medical grievances had been ignored.  (D.I. 2, Ex. B)
Investigation of the matter was sent to defendant Deborah
Rodweller ("Rodweller").  Id.

6.  Plaintiff alleges that Warden Thomas Carroll ("Warden
Carroll"), Correction Medical Service ("CMS"), Cpl. Merson
("Merson"), and Atallian failed, blocked and/or refused to
provide him adequate medical care.  (D.I. 2 at 4, 6, 9, 14)
Plaintiff alleges that, as a third-party beneficiary, he was
injured by Warden Carroll, CMS, Dunn, Rodweller, and Dunn 's
breach of contract to provide medical services to inmates.  (D.I.
2 at 4, 6, 10, 12)  He alleges that Warden Carroll and CMS
negligently hired employees with criminal records.  (D.I. 2 at 5,
7)  Plaintiff also alleges that CMS committed medical malpractice
by not providing him adequate medical care.  (D.I. 2 at 7)

7.  Plaintiff alleges that Warden Carroll failed to provide
him with an adequate grievance procedure.  (D.I. 2 at 4)  He
alleges that defendant Merson, chairman of the inmate grievance
committee, failed to process his grievances in accordance with
the laws of Delaware and the policies and procedures of the DCC.
(D.I. 2 at 8)  Plaintiff alleges that Merson disregarded his
health by losing and/or failing to process his medical
grievances.  (D.I. 2 at 8)  Plaintiff also alleges that Merson
blocked and delayed surgery scheduled for plaintiff and refused
to honor Atallian's request to help plaintiff take care of his

-4-

medical condition.   (D.I. 2 at 9)

8.   Plaintiff alleges that Dunn refused to follow the proper
procedures for him to receive adequate medical care, failed to
investigate his medical condition, misled the grievance board by
indicating that plaintiff would begin to receive adequate medical
care, and misplaced, lost, and stopped plaintiff's grievances
from moving forward so that he could receive adequate medical
care for his eyes.   (D.I. 2 at 20)   Plaintiff alleges that
Rodweller failed to investigate his medical condition, misled the
grievance board by stating she would make sure plaintiff would
begin to receive adequate medical care, and misplaced, lost
and/or stopped his grievances from going forward.   (D.I. 2 at 12-
13)   Plaintiff alleges that Atallian refused to report to the
appropriate officials that plaintiff was not being provided
adequate care, and misled plaintiff when she advised him she
would help him receive adequate medical care so that plaintiff
would delay filing this lawsuit.   (D.I. 2 at 15)

9.   **Medical Malpractice**.   Plaintiff attempts to allege a
state claim for medical malpractice.   In Delaware, medical
malpractice is governed by the Delaware Health Care Negligence
Insurance and Litigation Act.   18 Del. Code Ann. § 6801(7).   When
a party alleges medical negligence, Delaware law requires the
party to produce expert medical testimony detailing: "(1) the
applicable standard of care, (2) the alleged deviation from that

-5-

standard, and (3) the causal link between the deviation and the
alleged injury." Bonesmo v. Nemours Foundation, 253 F. Supp.2d
801, 804 (D. Del. 2003) (quoting Green v. Weiner, 766 A.2d 492,
494-95 (Del. 2001)) (internal quotations omitted); 18 Del. Code
Ann. § 6853. Plaintiff did not include an affidavit of merit
signed by an expert witness with his complaint as is required.
Therefore, the medical malpractice claim is dismissed without
prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and
§ 1915A(b)(1).

10. **Grievances.** The complaint contains numerous
allegations regarding grievances filed by plaintiff, an
inadequate grievance procedure, and a failure to investigate his
grievances. The filing of a prison grievance is a
constitutionally protected activity. Robinson v. Taylor, No. 05-
4492, 2006 WL 3203900, at *1 (3d Cir. Nov. 7, 2006). Although
prisoners have a constitutional right to seek redress of
grievances as part of their right of access to courts, this right
is not compromised by the failure of prison officials to address
these grievances. Booth v. King, 346 F. Supp. 2d 751, 761 (E.D.
Pa. 2004). This is because inmates do not have a
constitutionally protected right to a grievance procedure.
Burnside v. Moser, No. 04-4713, 138 Fed. Appx. 414, 416 (3d Cir.
2005)(citations omitted)(failure of prison officials to process
administrative grievance did not amount to a constitutional

-6-

violation).  Nor does the existence of a grievance procedure

confer prison inmates with any substantive constitutional rights.

Hoover v. Watson, 886 F. Supp. 410, 418-419 (D. Del.), aff'd 74

F.3d 1226 (3d Cir. 1995).  Similarly, the failure to investigate

a grievance does not raise a constitutional issue.  Hurley v.

Blevins, No. Civ. A. 6:04CV368, 2005 WL 997317 (E.D. Tex. Mar.

28, 2005).

        11.  Plaintiff cannot maintain a constitutional claim based

upon his perception that his grievances were not properly

processed, investigated, or that the grievance process is

inadequate.  Therefore, the allegations of unconstitutional

conduct relating to grievances filed are dismissed as frivolous

pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

        12.  On October 1, 2006, plaintiff requested verification

from the court that it had received $13.00 remitted by plaintiff

on September 26, 2006.  (D.I. 6)  According to the court's

financial administrator, as of December 7, 2006, no payments have

been received on behalf of plaintiff.

        13.  **Conclusion**.  Based upon the foregoing analysis, the

grievance and medical malpractice claims are dismissed without

prejudice for failure to state a claim upon which relief may be

granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

Plaintiff may proceed with the remaining claims against

defendants.

IT IS FURTHER ORDERED that:

1. The clerk of the court shall cause a copy of this order to be mailed to plaintiff.

2. Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), plaintiff shall complete and return to the clerk of the court an **original** "U.S. Marshal-285" form for **defendants**, as well as for the Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to DEL. CODE ANN. tit. 10 § 3103(c). **Plaintiff has provided the court with copies of the complaint (D.I. 2) for service upon defendants and the attorney general. Plaintiff is notified that the United States Marshal will not serve the complaint until all "U.S. Marshal 285" forms have been received by the clerk of the court. Failure to provide the "U.S. Marshal 285" forms for defendants and the attorney general within 120 days of this order may result in the complaint being dismissed or defendants being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

3. Upon receipt of the form(s) required by paragraph 2 above, the United States Marshal shall forthwith serve a copy of the complaint (D.I. 2), this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon the defendant(s) so identified in each 285 form.

4. Within **thirty (30) days** from the date that the "Notice

-8-

of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a defendant, the United States Marshal shall personally serve said defendant(s) pursuant to Fed. R. Civ. P. 4(c)(2) and said defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver.

5.     Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent.  If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

6.     No communication, including pleadings, briefs, statement of position, etc., will be considered by the court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

7.     **NOTE: \*\*\*** When an amended complaint is filed prior to service, the court will **VACATE** all previous service orders entered, and service **will not take place**.  An amended complaint

-9-

filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. §1915(e)(2) and § 1915A(a). **\*\*\***

    8.   **NOTE: \*\*\*** Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. **\*\*\***

UNITED STATES DISTRICT JUDGE