IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JESUS DIAZ, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WARDEN THOMAS CARROLL, CMS )<br>CORRECTIONAL MEDICAL SERVICE, )<br>CPL MERSON, LEE ANNE DUNN, )<br>DEBORAH RODWELLER, and CINDY )<br>ATALLIAN, )<br>Defendants. ) | C.A. No. 06-550-SLR<br><br>JURY TRIAL DEMANDED |

## STATE DEFENDANTS' ANSWER TO THE COMPLAINT

COME NOW, defendants Warden Thomas Carroll, Corporal Lise Merson, and Cindy Atallian ("State Defendants") by and through their undersigned counsel, and hereby answer the Complaint of the plaintiff, Jesus Diaz ("Plaintiff"). (D.I. 2). The grievance and medial malpractice claims have been dismissed per Order of the Court (D.I. 7). State Defendants answer those portions of the Complaint applicable to State Defendants and relevant to the remaining claims. The allegations in the Complaint are not numbered. Therefore State Defendants respond to the Complaint by page number and paragraph as follows:

STATEMENT OF CLAIM

**Page No. 4**

It is admitted that Thomas Carroll is the Warden of Delaware Correctional Center ("DCC"). The remaining allegations on Page No. 4 state a legal argument/conclusion to which no response is required. To the extent that an answer is required, the allegations are denied.

**Page No. 5**

The allegations in the paragraph that begins with "Plaintiff claims Thomas Carroll has knowingly, willingly, and intentional with a reckless disregard" states a legal argument/conclusion to which no response is required. To the extent that an answer is required, the allegations are denied.

The allegations in the paragraph that begins with "Plaintiff claims Thomas Carroll has knowingly, willingly, and intentional failed to do criminal" are denied.

**Page No. 6**

The allegations on Page No. 6 are not directed to State Defendants and state a legal argument/conclusion to which no response is required. To the extent that a response is required, the allegations are denied.

**Page No. 7**

The paragraph that begins with "Plaintiff claims C.M.S. has knowingly willingly" is not directed to State Defendants and states a legal argument/conclusion to which no response is required. To the extent that a response is required, the allegations are denied.

The paragraph that begins with "Plaintiff claims medical malpractice," no response is required as medical malpractice claims have been dismissed by the Court. (D.I. 7). To the extent that a response is required, the allegations are denied.

**Page No. 8**

The allegations on Page No. 8 of the Complaint refer to claims related to grievance procedures that have been dismissed by the Court (D.I. 7) and thus no response is required. To the extent that a response is required, the allegations are denied.

**Page No. 9**

The allegations in the paragraph that begin with "Plaintiff claims Clp. [sic] Merson is negligent and incompetent" are denied.

The allegations in the paragraph that begins with "Plaintiff claims Clp. [sic] Merson did knowingly intentionally" are denied.

**Page No. 10**

The allegations contained on Page No. 10 are not directed to State Defendants and thus no response is required. To the extent that a response is required, the allegations are denied.

**Page No. 11**

The allegations contained on Page No. 11 are not directed to State Defendants and thus no response is required. To the extent that a response is required, the allegations are denied.

**Page No. 12**

The allegations contained on Page No. 12 are not directed to State Defendants and thus no response is required. To the extent that a response is required, the allegations are denied.

**Page No. 13**

The allegations contained on Page No. 13 are not directed to State Defendants and thus no response is required. To the extent that a response is required, the allegations are denied.

**Page No. 14**

It is admitted that Cindy Atallian is a counselor at the Delaware Correctional Center. All other allegations contained on Page No. 14 and not specifically admitted herein are denied.

**Page No. 15**

The allegations contained on Page No. 15 are denied.

**Page No. 16**

**Statement of Claim**

1. States a legal argument/conclusion to which no response is required. To the extent that a response is required, the allegations are denied.

2. No response is required as the allegations are not directed to State Defendants and the medical malpractice claims have been dismissed by the Court. (D.I. 7). To the extent that a response is required, the allegations are denied.

3. No response is required as the claims relating to grievance procedures have been dismissed by the Court. (D.I. 7). To the extent that a response is required, the allegations are denied.

**Relief**

It is specifically denied that Plaintiff is entitled to any monetary damages, including punitive, compensatory, investigation, or attorneys' fees. It is specifically denied that Plaintiff is entitled to declaratory or any other relief.

## DEFENSES AND AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff has failed to exhaust his administrative remedies.

3. State Defendants are immune from liability under the Eleventh Amendment.

5. State Defendants are entitled to qualified immunity.

6. As to any claims under state law, State Defendants are entitled to immunity under the State Tort Claims Act, 10 *Del. C.* § 4001 *et seq.*

7. As to any claims under state law, State Defendants are entitled to sovereign immunity in their official capacity.

8. State Defendants cannot be held liable in the absence of personal involvement for the alleged constitutional deprivations.

9. To the extent that Plaintiff seeks to hold State Defendants liable based on supervisory responsibilities, the doctrine of *respondeat superior* or vicarious liability is not a basis for liability in an action under 42 *U.S.C.* § 1983.

10. State Defendants, in their official capacity, are not liable for alleged violations of Plaintiff's constitutional rights as they are not "persons" within the meaning of 42 *U.S.C.* § 1983.

11. Insufficiency of service of process.

12. Insufficiency of process.

13. Lack of jurisdiction over the person and subject matter.

WHEREFORE, the State Defendants respectfully requests that judgment be entered in their favor and against Plaintiff as to all claims and that attorney fees be awarded to the State Defendants.

**DEPARTMENT OF JUSTICE**
**STATE OF DELAWARE**

*/s/* Stacey Xarhoulakos\_\_\_\_\_
Stacey Xarhoulakos, # 4667
Deputy Attorney General
Department of Justice
820 N. French Street, 6th Floor
Wilmington, De 19801
(302) 577-8400

Dated: March 12, 2007                     *Attorney for State Defendants*

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 12, 2007, I electronically filed *State Defendants' Answer to the Complaint* with the Clerk of Court using CM/ECF.  I hereby certify that on March 12, 2007, I have mailed by United States Postal Service, the document to the following non-registered participant:

    Jesus Diaz
    SBI # 474251
    Delaware Correctional Center
    1181 Paddock Road.
    Smyrna, DE. 19977

                                            /s/ Stacey Xarhoulakos
                                            Deputy Attorney General
                                            Department of Justice
                                            820 N. French St., 6th Floor
                                            Wilmington, DE 19801
                                            (302) 577-8400
                                            stacey.xarhoulakos@state.de.us