# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

Jesus Diaz,

    Plaintiff,

v.

Warden Thomas Carroll, CMS
Correctional Medical Service
CPh. Merson, Lee Ann Dunn,
Deborah Rodweller and Cindy
Atallian

    Defendants,

Civ. No. 06-550 SLR

FILED
APR - 2 2007
SUE L. ROBINSON
U.S. DISTRICT JUDGE

BD scanned

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S LEE ANNE DUNN AND DEBORAH RODWELLER, MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Comes now Jesus Diaz, a pro-se plaintiff in this case and moves this Honorable Court to deny the defendants motion to dismiss filed in District Court dated March 12, 2006!

In support of plaintiff's motion, plaintiff assert's the following:

Plaintiff states he has gotten help from another inmate to help him file the response to all motions in this case because he can no longer see clear enough, due to the negligence of the defendants.

Plaintiff further states he has requested an attorney and has written attorneys but haven't gotten an attorney to handle this case yet.

The attorney Eric Scott Thompson in place of Kevin J. Connors, ESQ, for the two named defendants Lee Ann Dunn and Deborah Rodweller, is arguing failure to exhaust the administrative remedies available to him as required by the Prison Litigation Act of 1996 42 U.S.C. § 1997 e (a) provides that:

No action shall be brought with respect to prison conditions under Section 1983 of this title or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available to him are exhausted.

This is a medical civil complaint against all defendants in this case due to their negligence, by failing to provide adequate medical care to the plaintiff.

Plaintiff claims as for the grievances, he completed everything but D.C.C. violated it's own S.O.P. by not processing the grievances, or sick call slips.

Plaintiff claims D.O.C. Policy 4.4 of inmate grievance procedure is constantly violated, because the only emergency is a dead inmate and then it's to late.

IV    B. Emergency Grievance; An issue that concerns matters which under regular time limits would subject the inmate to a substantial risk of personal, physical or psychological harm.

3.

Plaintiff claims with D.C.C. violating it's own SOP it's hindering his access to the Courts, thereby violating his 14th constitutional amendment rights.

Plaintiff claims he was and still is in an emergency situation, because of the delay in medical department he has suffered and continues to suffer thereby creating irrepairable damage to the plaintiff's eyes causing loss of sight in both eyes.

Plaintiff claims the defendants ignored plaintiff's medical eye problem until a civil complaint was filed on his behalf and therefore can be held liable in their indivual and official capacity. see...
<u>Montgomery v. Pinchak, 294 F3d 492, 499-500 (3d Cir. 2002)</u>

Plaintiff claims if he didn't file a civil complaint he wouldn't have gotten surgery by now and would be on a waiting list.

4.

Plaintiff claims D.C.C. failed to follow S.O.P. Pg 3 of 7 (3). The IGP shall afford the grievant a meaningful remedy. Relief may include an agreement by the Warden/Warden's Designee to remedy an objectionable condition within a reasonable, specified time period; change in institutional policy or practice; or restitution.

Plaintiff also claims D.C.C. failed to follow S.O.P. Pg 3 of 7 (2) The maximum period between initial grievance receipt and final appeal response shall not exceed 180 calendar days. If a full RGC cannot be convened as scheduled another hearing shall be rescheduled within 7 calendar days.

Plaintiff claims D.C.C. failed to follow S.O.P. Pg 4 of 7 (10) The IGC shall provide a copy of the response to each IGP step to the grievant within 7 calendar days of IGC receipt.

5.

Plaintiff claims D.C.C. has a history of violating it's own S.O.P. and inmates constitutional amendment rights therefore should be held liable due to the negligence's listed in the complaint. see... Smith V. Zachary 255 F.3d 446 447-52 (7th Cir. 2001)

Plaintiff claims he went as far as writing his counselor Ms. Cindy Atallian and she failed to report it to the appropreate authorities so plaintiff would get medical care, in a timely fashion. Plaintiff claims all defendants can be held liable for their role for failing to provide medical care in a timely fashion. See... Thaddeus-X v. Blatter, 175 F.3d 378, 403 (6th Cir. 1999) also see Walker v. Benjamin 293 F.3d 1030 1037-39 (7th Cir. 2002)

6.

As to the complaint the plaintiff claims the defendants failed to obtain specialized medical treatment for his eyes due to the high cost and therefore all defendants can be held liable for their negligence in their individual and official capacity. see... <u>McElligott v. Foley, 182 F3d. 1248, 1256 (11th Cir. 1999)</u>

As in the 1983 complaint there was lost and misplaced grievances as well as sick slips, the plaintiff has copies of that the attorney for the defendants of C.M.S. and the A.G.'s office failed to produce. The dates of these are from 8/29/03 thru 8/29/06 and this time frame supports the medical deliberat indifference claims and defendants can be held liable, in their individual and official capacity.

7.

There's also a question concerning the plaintiff signing off on a medical grievance, the plaintiff was told he had to sign so he could get surgery. But it took so long plaintiff had to file a civil complaint so C.M.S. would give him medical care for his eyes. Plaintiff claims it was due to the delay surgery on his eyes didn't help and his eyes are getting worse and C.M.S. as well as the officials of D.C.C. are still refusing and delaying him medical care for his eyes, because they don't want to spend any more money!

The attorney for C.M.S. defendants also used Federal Rule of Civil Procedure 12(b)(6) in the motion to dismiss which was filed in the District Court dated March 12, 2006.

8.

Plaintiff claims the complaint was reviewed by Hon. Sue L. Robinson and she determined certain claims in the complaint could be litigated in the District Court. She also ruled that a pro-se complaint are held to less stringent standards than formal pleadings drafted by lawyers. see... <u>Haines v. Kerner, 404 U.S. 519, 520-521 (1972)</u>

Plaintiff request this Honorable Court to strike the motion due to it being wrongly dated and lacks professional knowledge and skills of a practicing attorney.

Plaintiff also request this Honorable Court to allow him to amend the 1983 complaint to cure any defects that could possibly get the 1983 dismiss, and further order full discovery in this case.

9.

Plaintiff claims it's quite clear the Warden Thomas Carroll didn't care or do anything about the delay and denied medical care of the inmates and through a Federal investigation he was found negligent due to lack of medical care and the violation of inmates constitutional amendment rights. Therefore plaintiff claims Thomas Carroll and C.M.S. can be held liable in their individual and official capacity, for damages suffered due to the negligence of all defendants.

WHEREFORE, plaintiff Jesus Diaz humbly prays this Honorable Court to deny the defendants motion to dismiss and further order a full discovery.

Date: 3-29-07

*Jesus Diaz*
Jesus Diaz #474251
D.C.C.
1181 Paddock Rd.
Smyrna, DE. 19977

## Certificate of Service

I, Jesus Diaz, hereby certify that I have served a true and correct cop(ies) of the attached: Plaintiff Opposition To Defendant's Motion To Dismiss upon the following parties/person (s): Civ. No. 06-550 SLR

TO: District Court Clerk
U.S. District Court
844 King St
Wilm. De. 19801

TO: Hon. Robinson
U.S. District Court
844 King St
Wilm. De. 19801

TO: Kevin J. Connors, ESQ
1220 N. Market St 5th Fl.
P.O. Box 8888
Wilm. DE. 19899-8888

TO: Stacey Xarhoulakos
Deputy Attorney General
Department of Justice
820 N. French St 6th Fl
Wilm. DE. 19801

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United States Mail at the Delaware Correctional Center, 1181 Paddock Road, Smyrna, DE 19977.

On this 29 day of March, 2007

Jesus Diaz

IM Jesus Diaz
SBI# 474251   UNIT 23 B-L-6
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Hon. Sue L Robinson  SLR
U.S District Court
844 king st
Wilm De. 19801

