IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

Jesus Diaz, )
    Plaintiff, )
 )
v. )
 )
 ) Civ. No. 06-550 SLR
Warden Thomas Carroll, CMS )
Correctional Medical Service )
CPL. Merson, Lee Ann Dunn, ) Jury Trial Demanded
Deborah Rodweller and Cindy )
Atallian, )
    Defendants, )

## PLAINTIFF'S OPPOSITION TO DEFENDANTS CMS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

    Comes now Jesus Diaz, a pro-se plaintiff in this case and moves this Honorable Court to deny, CMS motion to dismiss, plaintiff's 1983 civil complaint.
    Plaintiff is filing this motion in the District Court on or about this day of May 2007
    In support of this motion plaintiff asserts the following:

1.

Plaintiff claims CMS. Correctional Medical Service and it's attorney Eric Scott Thompson ESQ. for Kevin J. Connors ESQ filed a Motion To Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), which was dated April 19, 2006.

Plaintiff states the attorney Eric Scott Thompson ESQ. is also arguing failure to exhaust the administrative remedies available to him as required by the Prison Litigation Act of 1996 42 U.S.C.§ 1997 e (a) provides that:
 No action shall be brought with respect to prison conditions under Section 1983 of this title or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available to him are exhausted.

Plaintiff Claims D.C.C. violated its own S.O.P. by not processing plaintiff's sick-call-slips and grievances in accordance with the rules of D.O.C.!

2.

Plaintiff states he is still getting help from another inmate and now we are not allowed to go to the law library, therefore this court may determine D.C.C. in denying and hindering plaintiff's access to the Courts.

Plaintiff claims C.M.S. and it's attorney has not presented all sick-call slips and all grievances but request this Honorable Court to dismiss plaintiff's 1983 civil complaint, upon them producing an incomplete record.

Plaintiff claims if the whole record is ordered he would be able to prove his case and the violation of his 8th and 14th constitutional amendment rights.

Plaintiff claims almost all of the doctors and nurses that were suppose to provide adequate medical care to plaintiff from 03 to 06 were fired and if those records are produced it would prove negligence against the defendants.

3.

Plaintiff claims D.O.C. Policy 4.4 of inmate grievance procedure is constantly violated by D.C.C. because plaintiff's physical safety was and is at risk of harm and irrepairable injury.

IV B. Emergency Grievance: An issue that concerns matters which under regular time limits would subject the inmate to a substantial risk of personal, physical or psychological harm.

Plaintiff claims the defendants ignored his medical problems with his eyes until a civil complaint was filed, which caused irrepairable damage to both eyes, and therefore they can be held liable in their individual and official capacity. see Montgomery v. Pinchak, 294 F.3d 492, 499-500 (3rd Cir. 2002)

Plaintiff claims if he didn't file a civil complaint he wouldn't have gotten surgery and by now he would be completely blind.

4.

Plaintiff claims D.C.C. failed to follow SOP pg 3 of 7 (3). The IGP shall afford the grievant a meaningful remedy; Relief may include an agreement by the Warden/Warden's Designee to remedy an objectionable condition within a reasonable, specified time period; change in institutional policy or practice; or restitution.

Plaintiff also claims D.C.C. failed to follow SOP pg. 3 of 7 (2) The maximun period between initial grievance receipt and final appeal response shall not exceed 180 calendar days. If a full RGC cannot be convened as scheduled within 7 calendar days.

Plaintiff claims D.C.C. failed to follow SOP pg 4 of 7 (10) The IGC shall provide a copy of the response to each IGP step to the grievant within 7 calendar days of IGC receipt.

5.

Plaintiff claims D.C.C. has a history of violating it's own S.O.P. and inmates constitutional amendment rights therefore should be held liable due to the negligence's listed in the complaint. see... Smith v. Zachary, 255 F.3d 446 442-52 (7th Cir. 2001)

Plaintiff claims he went as far as writing his counselor Ms. Cindy Atallian and she failed to report it to the appropriate authorities so plaintiff would get medical care, in a timely fashion. Plaintiff claims all defendants can be held liable for their role for failing to provide medical care in a timely fashion. see... Thaddeus-X, v. Blatter, 175 F3d 378, 403 (6th Cir. 1999) also see... Walker v. Benjamin 293 F.3d. 1030 1037-39 (7th Cir. 2002)

Plaintiff claims he needs specialized medical treatment for his eyes which D.C.C. refused to obtain so therefore can be held liable. see... McElligott v. Foley, 183 F3d. 1248, 1256 (11th Cir. 1999)

6.

Plaintiff claims through a Federal investigation Warden Thomas Carroll was found negligent due to lack of medical and wrong medical care and the violation of inmates constitutional amendment rights.

Plaintiff claims this Hononorable Court should strike C.M.S. Correctional Medical Service's attorney Eric Scott Thompson, Motion To Dismiss Plaintiffs Complaint, because it has two different dates.

The first date is April 19, 2006 listed at the end of the defendant's motion.

The second date is April 19, 2007 listed at the end of the certificate of service.

Plaintiff request this Honorable Court to strike Eric Scott Thompson's motion due to it having two different dates and it also lacks professional knowledge and skills of a practicing attorney.

7.

Plaintiff claims the 1983 civil complaint was reviewed by Hon. Sue L. Robinson and she determined certain claims were good. She also ruled that a pro-se complaint are held to less stringent standards than formal pleadings drafted by lawyers. see.. <u>Haines v. Kerner</u>, 404 U.S. 519, 520-521 (1972)

Plaintiff also request this Honorable Court to allow him to amend the 1983 complaint to cure any defects that could possibly get the 1983 dismissed, and Order full discovery in this case.

WHEREFORE, plaintiff Jesus Diaz humbly prays this Honorable Court to deny the defendant's Motion To Dismiss and order a full discovery.

Dated: 5-7-07

*Jesus Diaz*
Jesus Diaz #474251
D.C.C.
1181 Paddock Rd.
Smyrna, DE 19977

# Certificate of Service

I, Jesus Diaz, hereby certify that I have served a true and correct cop(ies) of the attached: Plaintiff's Opposition To Defendant's CMS Motion To Dismiss Plaintiff's Complaint upon the following parties/person (s):

TO: District Court Clerk
U.S. District Court
844 King St
Wilm. De. 19801

TO: Hon. Robinson
U.S. District Court
844 King St.
Wilm. DE. 19801

TO: Kevin J. Connors ESQ
1220 N. Market st 5th Fl.
P.O. Box 8888
Wilm. DE. 19899-8888

TO: Stacey Xarhoulakos
Deputy Attorney General
Dept of Justice
820 N. French st 6th Fl.
Wilm. DE. 19801

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this 7 day of May, 2007

Jesus Diaz

I/M Jesus Diaz
SBI# 424251 UNIT 23 MHU-B-2-6
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977



office of The Clerk
united states District Court
844 N. King Street, lockbox 18
Wilmington, DE 19801-3570