## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JESUS DIAZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 06-550 SLR |
| | ) | |
| WARDEN THOMAS CARROLL, CMS | ) | JURY TRIAL |
| CORRECTIONAL MEDICAL SERVICE, CPL. | ) | DEMANDED |
| MERSON, LEE ANNE DUNN, DEBORAH | ) | |
| RODWELLER and CINDY ATALLIAN, | ) | |
| | ) | |
| Defendants. | ) | |

### REPLY BRIEF OF DEFENDANT, CMS, IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

        MARSHALL, DENNEHEY, WARNER,
        COLEMAN & GOGGIN

BY: */s/ Eric Scott Thompson*
      KEVIN J. CONNORS, ESQ.
      DE Bar ID: 2135
      ERIC SCOTT THOMPSON, ESQ.
      DE Bar ID: 4633
      1220 North Market Street, 5th Fl.
      P.O. Box 8888
      Wilmington, DE 19899-8888
      Attorneys for Defendant, Correctional Medical Services, Inc.

DATED: May 21, 2007

## TABLE OF CONTENTS

Page

**TABLE OF CITATIONS** ..................................................................................................................ii

**ARGUMENT** ..................................................................................................................................1

    **I.      ARGUMENTS IN CMS'S MOTION TO DISMISS WHICH ARE NOT CONTESTED BY PLAINTIFF SHOULD BE GRANTED** .......................................................1

    **II.     PLAINTIFF DOES NOT DISPUTE HE DID NOT EXHAUST ALL ADMINISTRATIVE REMEDIES** ..................................................................................................2

**CONCLUSION** ..............................................................................................................................3

TABLE OF CITATIONS

**Cases**

*Booth v. Churner*, 206 F.3d 289, 294-95 (3rd Cir. 2000) ...............................................................2

*Booth v. King*, 346 F. Supp. 2d 751, 761 (E.D. Pa. 2004) ...........................................................2

*Boring v. Kozakiewicz*, 833 F.2d 468, 472 (3rd Cir. 1987)............................................................1

*Burnside v. Moser*, 138 Fed. Appx. 414, 416 (3d Cir. 2005).........................................................2

*Diaz v. CMS Correctional Medical Service*, 2006 U.S. Dist. LEXIS 91643, 8 .............................2

*Norris v. Frame*, 585 F.2d 1183, 1186 (3rd Cir. 1978) ..................................................................1

*Nyhuis v. Reno*, 204 F.3d 65, 67 (3rd Cir. 2000)...........................................................................2

**Statutes**

18 *Del. C.* §6801.........................................................................................................................1,3

## **ARGUMENTS**

### I.    ARGUMENTS IN CMS'S MOTION TO DISMISS WHICH ARE NOT CONTESTED BY PLAINTIFF SHOULD BE GRANTED

Defendant, CMS, argued in its *Motion to Dismiss Plaintiff's Complaint* (hereinafter "Motion to Dismiss") that Plaintiff's claims CMS breached a contract to provide adequate medical care should be dismissed pursuant to 18 *Del. C.* 6801 since Plaintiff's Complaint was not accompanied by an Affidavit of Merit. Plaintiff does not contest this in his *Opposition to Defendant's CMS Motion to Dismiss Plaintiff's Complaint*, nor has he provided an Affidavit of Merit. Therefore, his claims that CMS breached a contract to provide adequate medical care should be dismissed.

CMS also argued in its Motion to Dismiss that Plaintiff's conditions were not consciously disregarded nor was there a deliberate indifference to his serious medical needs. Plaintiff does not dispute this argument, but rather sets forth his disagreement with the timing of the treatment. "Where the plaintiff has received some care, the inadequacy or impropriety of the care that was given will not support an Eighth Amendment claim."[1] Claims for inadequate medical care pursuant to the Eighth Amendment must be denied where the complaint is that the medical treatment did not comport with the inmate's requests since it is merely a disagreement over the proper means of treatment.[2] Clearly, Plaintiff received medical care and he does not argue to the contrary. Therefore, Plaintiff's claims that CMS violated his constitutional rights should be dismissed, because his disagreements with the care he received are not claims which are actionable under the Eighth Amendment.

---

[1] *Norris v. Frame*, 585 F.2d 1183, 1186 (3rd Cir. 1978).
[2] *Boring v. Kozakiewicz*, 833 F.2d 468, 472 (3rd Cir. 1987).

CMS further argued it is not liable for the actions of its employees under a theory of *respondeat superior* and Plaintiff did not contest this. Therefore, any claims that CMS is liable for the actions of its employees under *respondeat superior* should be dismissed.

### II.     PLAINTIFF DOES NOT DISPUTE HE DID NOT EXHAUST ALL ADMINISTRATIVE REMEDIES

Although prisoners have a constitutional right to seek redress of grievances as part of their right of access to courts, this right is not compromised by the failure of prison officials to address these grievances.[3] This is because inmates do not have a constitutionally protected right to a grievance procedure.[4] In addition, the failure to investigate a grievance does not raise a constitutional issue[5].

The requirement is that plaintiff **must** first exhaust all the administrative remedies available to him prior to filing a § 1983 action premised upon prison conditions.[6] Interestingly, plaintiff does not assert in either his Complaint, D.I. 2, or *Opposition to Defendant's CMS Motion to Dismiss Plaintiff's Complaint*, D.I. 22, that he appealed any of the Grievance Committee hearings even though he would be one of the best, if not the best source, of whether he filed an appeal. If a medical grievance hearing does not satisfy the inmate, the inmate must complete a Medical Grievance Committee Appeal Statement which is then submitted to the Bureau Grievance Officer. *See* Exhibit "4" at 6-7 attached to the *Motion of Defendant, Correctional Medical Systems, to Dismiss Plaintiff's Complaint*. Therefore, since Plaintiff did

---

[3] *Booth v. King*, 346 F. Supp. 2d 751, 761 (E.D. Pa. 2004).
[4] *Burnside v. Moser*, 138 Fed. Appx. 414, 416 (3d Cir. 2005).
[5] *Diaz v. CMS Correctional Medical Service*, 2006 U.S. Dist. LEXIS 91643, 8 (*citing Hurley v. Blevins*, 2005 U.S. Dist. LEXIS 38514 (E.D. Tex. Mar. 28, 2005) (Attached as Exhibit "3").
[6] *Nyhuis v. Reno*, 204 F.3d 65, 67 (3rd Cir. 2000) (The PLRA amended § 1997e(a) in such a way a to make exhaustion of all administrative remedies mandatory-whether or not they provide the inmate-plaintiff with the relief he says he desires in his federal action."); *see also Booth v. Churner*, 206 F.3d 289, 294-95 (3rd Cir. 2000), aff'd, 532 U.S. 731 (§ 1997e(a) mandates that exhaustion of administrative procedures is required, regardless of the relief offered.).

not file a Medical Grievance Committee Appeal Statement, he has failed to exhaust all administrative procedures and his claims must be dismissed.

## **CONCLUSION**

Based upon the foregoing, Defendant, Correctional Medical Services, Inc., moves this Honorable Court to dismiss all constitutional claims because CMS did not consciously disregard Plaintiff's serious medical condition and plaintiff failed to exhaust all administrative remedies. In addition, Plaintiff's claim CMS breached its contract to provide adequate medical treatment should be dismissed because Plaintiff's Complaint was not accompanied by an Affidavit of Merit as required under 18 *Del. C.* § 6801. Lastly, CMS's argument it cannot be held liable for its employees under a theory of *respondeat superior* is uncontested, therefore, the Court should enter an Order to this effect.

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

BY: */s/ Eric Scott Thompson*
KEVIN J. CONNORS, ESQ.
DE Bar ID: 2135
ERIC SCOTT THOMPSON, ESQ.
DE Bar ID: 4633
1220 North Market Street, 5th Fl.
P.O. Box 8888
Wilmington, DE 19899-8888
Attorneys for Defendant, Correctional Medical Services, Inc.

DATED: May 21, 2007

\15_A\LIAB\ESTHOMPSON\LLPG\429289\ESTHOMPSON\13252\00177

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served upon all counsel of record a correct copy of the REPLY BRIEF OF DEFENDANT, CMS, IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT in the above-captioned matter this date by electronic service through CM/ECF on all counsel of record and by regular mail to:

Jesus Diaz
SBI# 474251
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

        MARSHALL, DENNEHEY, WARNER,
        COLEMAN & GOGGIN

BY:   */s/ Eric Scott Thompson*
        KEVIN J. CONNORS, ESQ.
        DE Bar ID: 2135
        ERIC SCOTT THOMPSON, ESQ.
        DE Bar ID: 4633
        1220 North Market Street, 5th Fl.
        P.O. Box 8888
        Wilmington, DE 19899-8888
        Attorneys for Defendant, Correctional Medical Services, Inc.

DATED: May 21, 2007

\15_A\LIAB\ESTHOMPSON\LLPG\429289\ESTHOMPSON\13252\00177