IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JESUS DIAZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 06-550 SLR |
| | ) | |
| WARDEN THOMAS CARROLL, CMS | ) | JURY TRIAL |
| CORRECTIONAL MEDICAL SERVICE, CPL. | ) | DEMANDED |
| MERSON, LEE ANNE DUNN, DEBORAH | ) | |
| RODWELLER and CINDY ATALLIAN, | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER OF DEFENDANT, CORRECTIONAL MEDICAL SERVICES, INC.
(INCORRECTLY DESIGNATED CMS CORRECTIONAL MEDICAL SERVICES),
TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES**

**PAGE 2**

Paragraph II.  Admitted in part, denied in part.  It is admitted that Plaintiff filed sick call slips and medical grievances.  It is denied that Plaintiff exhausted all of the administrative remedies available to him.

Paragraph III.

  (1) Defendant does not have information sufficient to answer this averment.

  (2) Admitted.

  (3) Defendant does not have information sufficient to answer this averment.

  (4) This averment references Lee Anne Dunn, who has been dismissed by the Court.

  (5) This averment references Deborah Rodweller, who has been dismissed by the Court.

(6)   Denied. This averment is directed to a Defendant other than Answering Defendant and, therefore, no response is required from Answering Defendant.

## PAGE 4

Paragraph 1.   This averment is directed to a Defendant other than Answering Defendant and, therefore, no response is required from Answering Defendant.

Paragraph 2.   All averments of this paragraph which are asserted against Answering Defendant are denied.

## PAGE 5

Paragraph 1.   All averments of this paragraph which are asserted against Answering Defendant are denied.

Paragraph 2.   Denied. This averment is directed to a Defendant other than Answering Defendant and, therefore, no response is required from Answering Defendant.

## PAGE 6

Paragraph 1.   It is denied that Answering Defendant engaged in any wrongful conduct. It is further denied that Answering Defendant breached its contract and/or violated Plaintiff's constitutional rights.

Paragraph 2.   It is denied that Answering Defendant engaged in any wrongful conduct. It is further denied that Answering Defendant refused or delayed giving Plaintiff adequate medical care. Answering Defendant did not consciously disregard Plaintiff's serious medical condition.

Paragraph 3.   It is denied that Answering Defendant engaged in any wrongful conduct. It is further denied that Answering Defendant refused or delayed giving Plaintiff adequate medical care.

## PAGE 7

<u>Paragraph 1</u>.   It is denied that Answering Defendant engaged in any wrongful conduct. It is also denied that Answering Defendant was in any manner negligent with regard to the matters placed at issue by Plaintiffs' allegations.  It is further denied Plaintiff suffered or will suffer any injuries, damages and/or losses as a result of any acts and/or omissions of Answering Defendant.

<u>Paragraph 2</u>.   It is denied that Answering Defendant engaged in any wrongful conduct. It is further denied that Answering Defendant failed to provide adequate medical care, commited medical malpractice or violated Plaintiff's constitutional rights.

## PAGE 8

<u>Paragraph 1</u>.   This averment is directed to a Defendant other than Answering Defendant and, therefore, no response is required from Answering Defendant.

<u>Paragraph 2</u>.   This averment is directed to a Defendant other than Answering Defendant and, therefore, no response is required from Answering Defendant.

## PAGE 9

<u>Paragraph 1</u>.   This averment is directed to a Defendant other than Answering Defendant and, therefore, no response is required from Answering Defendant.

<u>Paragraph 2</u>.   This averment is directed to a Defendant other than Answering Defendant and, therefore, no response is required from Answering Defendant.

## PAGE 10

<u>Paragraph 1</u>.   Denied in part.  Answering Defendant admits Dunn was employed with Correction Medical Services, Inc.  However, the balance of this averment is directed to a Defendant that has been dismissed by the Court.

Paragraph 2. This averment is directed to a Defendant that has been dismissed by the Court.

Paragraph 3. This averment is directed to a Defendant that has been dismissed by the Court.

## PAGE 11

Paragraph 1. This averment is directed to a Defendant that has been dismissed by the Court.

Paragraph 2. This averment is directed to a Defendant that has been dismissed by the Court.

## PAGE 12

Paragraph 1. Denied in part. Answering Defendant admits Rodweller was employed with Correctional Medical Services, Inc. However, the balance of this averment is directed to a Defendant that has been dismissed by the Court.

Paragraph 2. This averment is directed to a Defendant that has been dismissed by the Court.

Paragraph 3. This averment is directed to a Defendant that has been dismissed by the Court.

## PAGE 13

Paragraph 1. This averment is directed to a Defendant that has been dismissed by the Court.

Paragraph 2. This averment is directed to a Defendant other than Answering Defendant and, therefore, no response is required from Answering Defendant.

## PAGE 14

<u>Paragraph 1</u>.  This averment is directed to a Defendant other than Answering Defendant and, therefore, no response is required from Answering Defendant.

<u>Paragraph 2</u>.  This averment is directed to a Defendant other than Answering Defendant and, therefore, no response is required from Answering Defendant.

<u>Paragraph 3</u>.  This averment is directed to a Defendant other than Answering Defendant and, therefore, no response is required from Answering Defendant.

## PAGE 15

<u>Paragraph 1</u>.  This averment is directed to a Defendant other than Answering Defendant and, therefore, no response is required from Answering Defendant.

<u>Paragraph 2</u>.  This averment is directed to a Defendant other than Answering Defendant and, therefore, no response is required from Answering Defendant.

## PAGE 16

<u>Paragraph 4</u>.  1.   Denied.

2.   Denied.

3.   Denied.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff was not deprived of any civil or constitutional rights or protection by Answering Defendant, Correctional Medical Services, Inc.

### THIRD AFFIRMATIVE DEFENSE

Answering Defendant, Correctional Medical Services, Inc. at all times material to plaintiff's Amended Complaint acted in good faith and with the reasonable belief, both objective

and subjective, that their actions were lawful and not in violation of the rights of plaintiff under the Constitution and laws of the United States and/or the State of Delaware.

## FOURTH AFFIRMATIVE DEFENSE

Answering Defendant, Correctional Medical Services, Inc. at all times material to plaintiff's Amended Complaint was not in violation of plaintiff's rights under the United States Constitution, Delaware Constitution or the laws of the United States or the laws of the State of Delaware.

## FIFTH AFFIRMATIVE DEFENSE

Answering Defendant, Correctional Medical Services, Inc., was not deliberately indifferent to any of plaintiff's alleged serious medical needs.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims do not rise to the level of deprivation of civil or constitutional rights.

## SEVENTH AFFIRMATIVE DEFENSE

Answering Defendant, Correctional Medical Services, Inc., did not recklessly, maliciously, willfully, or intentionally commit any wrongful acts or omissions causing injury to the plaintiff and, in the absence of such conduct, there can be no liability on the part of Answering Defendant on the facts of this case.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff received appropriate and competent medical care and treatment during his period of incarceration from Answering Defendant, Correctional Medical Services, Inc.

## NINTH AFFIRMATIVE DEFENSE

Answering Defendant, Correctional Medical Services, Inc., is entitled to the defense of good faith immunity.

### TENTH AFFIRMATIVE DEFENSE

Answering Defendant, Correctional Medical Services, Inc. is otherwise entitled to the defense of immunity and/or qualified immunity.

### ELEVENTH AFFIRMATIVE DEFENSE

Answering Defendant, Correctional Medical Services, Inc., is not responsible for persons, events, circumstances or conditions reasonably beyond its control.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by the provisions contained in the United States Civil Rights Act.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust administrative remedies, including but limited to remedies pursuant to 42 U.S.C. § 1997a(e).

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may otherwise be barred by 28 U.S.C.A § 1915

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred and/or reduced by the plaintiff's own contributory or comparative negligence.

### SIXTEENTH AFFIRMATIVE DEFENSE

The plaintiff's injuries, if any, resulted from an intervening and/or superseding cause.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitation and/or statutorily mandated administrative time limitation period.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged conditions did not constitute a serious medical need.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to comply with the mandates of 18 Del. C. § 6853.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate his alleged injuries and damages.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Answering Defendant, Correctional Medical Services, Inc., had no policy or custom demonstrating deliberate indifference to plaintiff's alleged serious medical need.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Answering Defendant, Correctional Medical Services, Inc., had no personal involvement in any alleged wrong.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

As to any claims sounding in state law, Answering Defendant, Correctional Medical Services, Inc., is immune from liability under the State Tort Claims Act, 10 Del. C. §4001, *et seq*.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

The doctrine of respondeat superior or vicarious liability is not a basis for liability in an action under 42 *U.S.C.* § 1983 against Answering Defendant, Correctional Medical Services, Inc.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's injuries were caused, in whole or in part, and/or exacerbated by a pre-existing condition which existed prior to the date of any alleged wrongful conduct by Answering Defendant, Correctional Medical Services, Inc.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's own conduct proximately caused and/or exacerbated his injuries, if any.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Insufficiency of process and/or service of process.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Lack of jurisdiction over the person and subject matter.

## TWENTY NIINTH AFFIRMATIVE DEFENSE

No employee of Answering Defendant engaged in any wrongful conduct, violated any federal or state statutes or engaged in any unconstitutional conduct.

                **MARSHALL, DENNEHEY, WARNER,
COLEMAN AND GOGGIN
BY:   /s/ Eric Scott Thompson
KEVIN J. CONNORS, ESQUIRE (I.D.#2135)
ERIC SCOTT THOMPSON, ESQUIRE(#4633)
1220 N. Market Street, 5th Floor
P.O. Box 130
Wilmington, DE  19899
(302) 552-4370
Attorneys for Defendant, Correctional Medical Services, Inc.**

DATED: August 31, 2007
\15_A\LIAB\ESTHOMPSON\LLPG\447972\ESTHOMPSON\13252\00177

## **CERTIFICATION OF SERVICE**

I hereby certify that I have served upon all persons listed below two true and correct copies of ANSWER OF DEFENDANT, CORRECTIONAL MEDICAL SERVICES, INC. (INCORRECTLY DESIGNATED CMS CORRECTIONAL MEDICAL SERVICES), TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES, in the above-captioned matter this date by regular mail:

Jesus Diaz
SBI # 474251
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

and by electronic filing upon the persons listed below:

Stacy Xarhoulakos, Esquire
Department of Justice
Carvel State Office Building
820 North French Street, 8th Floor
Wilmington, DE 19801

        **MARSHALL, DENNEHEY, WARNER,**
        **COLEMAN AND GOGGIN**
        **BY: /s/ ERIC SCOTT THOMPSON**
            **ERIC SCOTT THOMPSON, ESQUIRE (I.D.#4633)**
            **1220 N. Market Street, 5th Floor**
            **P.O. Box 130**
            **Wilmington, DE 19899**
            **(302) 552-4370**
            **Attorneys for Defendant, Correctional Medical Services, Inc.**

DATED: August 31, 2007
\15_A\LIAB\ESTHOMPSON\LLPG\447972\ESTHOMPSON\13252\00177