IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JESUS DIAZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 06-550-SLR |
| ) | |
| WARDEN THOMAS CARROLL, ) | |
| CMS CORRECTION MEDICAL ) | |
| SERVICE, CPL MERSON, LEE ANNE ) | |
| DUNN, DEBORAH RODWELLER, and ) | |
| CINDY ATTALLIAN, ) | |
| ) | |
| Defendants. ) | |

### INTERROGATORIES – SET I OF DEFENDANT CMS CORRECTION MEDICAL SERVICE, DIRECTED TO PLAINTIFF

The above-named defendant, by its attorneys, Marshall, Dennehey, Warner, Coleman & Goggin, Esquires, hereby requests that the party to whom these interrogatories are addressed answer fully, in writing and under oath, the following interrogatories.

### DEFINITIONS AND INSTRUCTIONS

Unless negated by the context of the interrogatory, the following definitions are to be considered to be applicable to all interrogatories contained herein:

(A)   "Documents" is an all-inclusive term referring to any writing and/or recorded or graphic matter, however produced or reproduced. The term documents includes without limitation correspondence, memoranda, interoffice communications, minutes, reports, notes, schedules, analyses, drawings, diagrams, tables, graphs, charts, maps, surveys, books of account, ledgers, invoices, purchase orders, pleadings, questionnaires, contracts, bills, checks, drafts, diaries, logs, proposals, printouts, recordings, telegrams, films, and all other such documents tangible or retrievable of any kind. The term documents also includes any preliminary notes and drafts of all the foregoing, in whatever form (for example: printed, typed, longhand, shorthand, on paper, paper tape, tabulating cards, ribbon blueprints, magnetic tape, microfilm, film, motion picture film, phonograph records, or other form).

(B)   With respect to documents, the term "identify" means to give the date, title, author and addressee; identify with respect to documents further means:

    (I) To describe a document sufficiently well to enable the interrogator to know what such document is and to retrieve it from a file or wherever it may be located;

    (II) To describe it in a manner suitable for use as a description in a subpoena;

    (III) To give the name, address, position or title of the person(s) who has/have custody of the document and/or copies thereof.

  (C) "Identify" when used in reference to an individual means:

    (I) To state his/her full name;

    (II) Present residence address or last known residence;

    (III) Present or last known business address;

    (IV) Present employer or last known employer;

    (V) Whether ever employed by any party to this action and, if so, the dates he (she) was employed by such party, the name of such party, and the last position held as an employee of such party.

  (D) Whenever the expression "and/or" is used in these interrogatories, the in, the information called for should be set out both in the conjunctive and disjunctive, and wherever the information is set out in the disjunctive, it should be given separately for each and every element sought.

  (E) Whenever a date, amount, or other computation or figure is requested, the exact date, amount, or other computation or figure is to be given unless it is not known; and then the approximate date, amount, or other computation or figure should be given or the best estimate thereof; and the answer shall state that the date, amount or other computation or figure is an estimate or approximation.

  (F) No answer is to be left blank. If the answer to an interrogatory or subparagraph of an interrogatory is "none" or "unknown", such statement must be written in the answer. If the question is inapplicable, "N/A" must be written in the answer. If an answer is omitted because of the claim of privilege, the basis of the privilege is to be stated.

  (G) These interrogatories are continuing, and any information secured subsequent to the filing of your answers which would have been includable in the answers had it been known or available, are to be supplied by supplemental answers.

## INTERROGATORIES

1. Give the names and addresses of the following persons:

   a. Those who witnessed the occurrence giving rise to this suit;

   b. Those who have any information or knowledge concerning the facts, events, circumstances or conditions surrounding the happening of said occurrence.

   c. Those who have any information or knowledge concerning the facts, events, circumstances or conditions surrounding the happening of said occurrence.

   ANSWER: Cecil Browne, Gary I. Markowitz, MD, Dr. Di Mello, Cindy Atallian, Nurse Kiara, Nurse Daniella

2. State whether any person gave any statement or prepared any document, memorandum, drawing or any other tangible thing pertaining to the occurrence giving rise to this suit.

   a. If your answer is in the affirmative, as to each person state the following:

      (1) Identify each person;

      (2) Describe the nature of what was done or produced;

      (3) Give the name and address of the person having custody of each item described above.

   ANSWER: Cecil Browne (Motions) Gary I. Markowitz, MD prescriptions, Dr. Di Mello, prescriptions

3. State whether any photographs were taken of the site of the occurrence or any of the instrumentalities or personalities involved herein. NONE

   (a) If your answer is in the affirmative, state:

      (1) The subject matter of the photographs:

      (2) The date and time of day said photographs were taken;

    (3) The name, address and job classification of the person taking same, and the name and address of his employer, if not in your employ;

    (4) The name, address and classification of the person having custody of the same.

**ANSWER:** None

4. State the following with respect to the plaintiff(s):

 (a) Age; 33

  (1) At the time of the incident here involved; 29

  (2) At the present time; 33

 (b) Date of birth; 9/10/74

 (c) Place of birth; Dominican Republic

 (d) Marital status single

  (1) At the time of the incident here involved; single

  (2) At the present time; single

 (e) Number of children or other dependents; None

  (1) At the time of the incident here involved; None
  (2) At the present time. None

**ANSWER:**

5. State the following:

 (a) Your Social Security Number, if any; unknown

 (b) Your Veteran's Claim Number, if any; None

(c) Name and policy number of any health and accident coverage in existence at the time of the occurrence here involved, if any; NONe

(d) Name, claim number, and policy number of any insurance coverage providing benefits for the injuries or medical expenses alleged to be involved in this action, if any. NONe

ANSWER: NONe

6. State in detail and with particularity the damages you allege were sustained as a result of the occurrence here involved.

ANSWER: Plaintiff states D.C.C. and C.M.S. failed to provide medical treatment to his eyes for 3 or 4 years because of trying to save money. Plaintiff has a deteriorating eye problem due to their Negligence.

7. Identify each person whom you expect to call as an expert witness at the trial of this action. To be provided in the future.

(a) As to each person so identified, state the subject matter on which the expert is expected to testify.

ANSWER: Experts will testify that if plaintiff would have gotten medical eye treatment on time then his eyesight wouldn't have been as bad as it is now.

8. As to each expert identified above, have him state the following and sign his answers:

(a) The substance of the facts and opinions to which he is expected to testify;

(b) A summary of the grounds for each opinion.

ANSWER: testing

9. With respect to each expert identified in answer to the preceding interrogatory, state the following: To be provided in the future

      (a)    A brief chronological resume of the expert's education and professional background, including associations or societies of which he (she) is a member, schools attended, including years of attendance and degrees received, experience in particular fields, including names and addresses of employers with inclusive years of employment;

      (b)    The title, publisher, date, and form of all documentary material published by the expert.

**ANSWER:** To be provided at a later date!

10.    Identify any documents prepared or generated by the expert which in whole or in part contain the facts and opinions to which the expert is expected to testify, for whom prepared and when, and identify further each person to whom the document or documents were given or distributed.

**ANSWER:** C.M.S. medical system

11.    Identify all factual information supplied to the expert which was used as the basis for his opinion including correspondence, memoranda, reports, tests, plans, specifications, drawings, and/or documents of any kind as well as objects and photographs examined.

**ANSWER:** unclear request.

|  |  |
|---|---|
|  | MARSHALL, DENNEHEY, WARNER, COLEMAN AND GOGGIN |
| BY: | /s/ ERIC SCOTT THOMPSON |
|  | ERIC SCOTT THOMPSON, ESQ. (I.D.#4633) |
|  | 1220 N. Market Street, 5th Floor |
|  | P.O. Box 8888 |
|  | Wilmington, DE 19899-8888 |
|  | (302) 552-4370 |
|  | Attorneys for Defendant, |
| **DATED: September 18, 2007** | **CMS Correction Medical Service** |

15/527133.v1

## Certificate of Service

I, Jesus Diaz, hereby certify that I have served a true and correct cop(ies) of the attached: Plaintiff's Answer To CMS Medical Service Set 1 of upon the following parties/person (s): Interrogatories

TO: District Court Clerk
U.S. District Court
844 King St.
Wilm. De. 19801

TO: Hon. S.L. Robinson
U.S. District Court
844 King St.
Wilm De. 19801

TO: Eric Scott Thompson
1220 N. Main St. 5th Fl.
P.O. Box 8888
Wilm. De. 19899-8888

TO: Stacey Xarhoulakos
District Attorney
Dept of Justice
820 N. French St
Wilm. De. 19801

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United States Mail at the Delaware Correctional Center, 1181 Paddock Road, Smyrna, DE 19977.

On this 26 day of November, 2007

Jesus Diaz