IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JESUS DIAZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-550-SLR |
| | ) |
| WARDEN THOMAS CARROLL, CORRECTIONAL MEDICAL SERVICES, CPL. MERSON, LEE ANNE DUNN, DEBORAH RODWELLER, and CINDY ATALLIAN, | ) |
| | ) |
| Defendants. | ) |

## ORDER

At Wilmington this 14th day of January, 2008, having considered plaintiff's motions for sanctions and appointment of counsel, as well as the papers submitted in connection therewith;

IT IS ORDERED that:

1. Plaintiff's motion for default judgment (D.I. 30) is denied, the docket reflecting that defendants filed answers on or before the August 31, 2007 court imposed deadline. (D.I. 29, 25)

2. Plaintiff's motions for sanctions (D.I. 36) is denied, the docket reflecting that plaintiff was served with defendant's answer on August 31, 2007 (D.I. 29) and again September 27, 2007 (D.I. 37).

3. Plaintiff's motion for appointment of counsel (D.I. 44) is denied. A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to

representation by counsel. See Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981); Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). It is within the court's discretion to seek representation by counsel for plaintiff, and this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting . . . from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); accord Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993) (representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

4. After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including: (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. Tabron, 6 F.3d at 155-57; accord Parham, 126 F.3d at 457; Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002).

5. In his request for counsel, plaintiff states that he needs counsel to assist him in answering defendants' discovery requests and to be present at his deposition. (D.I. 33) Plaintiff states that, without counsel, he is unable "to protect his rights and position in the case." (Id. at 4) Having reviewed plaintiff's motion, as well as the record, the court does not find that appointment of counsel is warranted at this time. The various

papers and pleadings submitted by plaintiff demonstrate an ability to coherently present his claims and requests for relief. Plaintiff may apply the same ability in answering defendant's discovery requests.

_____
United States District Judge