IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JESUS DIAZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 06-550 SLR |
| | ) | |
| WARDEN THOMAS CARROLL, CMS | ) | JURY TRIAL |
| CORRECTIONAL MEDICAL SERVICE, CPL. | ) | DEMANDED |
| MERSON, LEE ANNE DUNN, DEBORAH | ) | |
| RODWELLER and CINDY ATALLIAN, | ) | |
| | ) | |
| Defendants. | ) | |

**RESPONSE OF DEFENDANT, CORRECTIONAL MEDICAL SERVICES, INC.,
TO PLAINTIFF'S MOTION TO AMEND
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 15(A)**

Defendant, Correctional Medical Services, Inc., ("CMS") by and through its attorneys, hereby submits this Response to Plaintiff's Motion to Amend Pursuant to Federal Rule of Civil Procedure 15(a) and, in support thereof, avers as follows:

1.    Plaintiff is an inmate incarcerated at the Delaware Correctional Center ("DCC") in Smyrna, Delaware.  On September 5, 2006, Plaintiff filed a Complaint naming Correctional Medical Service, Inc. ("CMS"), Warden Thomas Carroll, Corporal Merson, Lee Anne Dunn, Deborah Rodweller and Cindy Attalian as Defendants.  (D.I. 2)

2.    On December 19, 2006, this Court, <u>sua sponte</u>, dismissed Plaintiff's medical malpractice claims as well as those that related to the DCC grievance system for failure to state a claim upon which relief could be granted.  (D.I. 7). Therefore,  Plaintiff's remaining allegations in his Complaint purport to allege civil rights violations associated with medical care afforded to him pursuant to 42 U.S.C. §1983[1] with regard to the actions

---

[1] 42 U.S.C. §1983 reads, in part:

Every Person who, under color of any statute, ordinance, regulation, custom, or usage of any State
or Territory… subjects, or causes to be subjected, any citizen of the United States… to the

of the parties at varying times from September 29, 2003 through September 29, 2006  See Plaintiff's Complaint attached hereto as Exhibit "1".

3.    On July 26, 2007, this Court granted the Motion to Dismiss of Defendants, Lee Anne Dunn and Deborah Rodweller.  (D.I. 26)

4.    On July 27, 2007, this Court issued an Order directing that discovery was to be completed on or before November 30, 2007 and Summary Judgment Motions were to be filed on or before January 2, 2008. (D.I. 28).  The Summary Judgment Motion deadlines were amended on two occasions, with Court approval, so that they were finally scheduled to be filed on or before February 29, 2008.

5.    On September 10, 2007, Plaintiff filed a Motion for Default Judgment against all Defendants (D.I. 30) and on September 25, 2007, Plaintiff filed a Motion for Sanctions against CMS and its counsel. (D.I. 36).  These were both denied on January 14, 2008.  (D.I. 53).

6.    In addition, this Court dismissed Plaintiff's breach of contract claims because they were based upon Defendants' "failure to provide adequate medical care" and because Plaintiff failed to comply with the requirements of 18 Del .C. § 6853.  (D.I. 53)

7.    On February 29, 2008, CMS filed its Motion for Summary Judgment.  (D.I. 61)

8.    On April 11, 2008, Plaintiff filed a Motion to Amend Pursuant to Federal Rule of Civil Procedure 15(a) seeking to add Mr. Chad Bar and Dr. Gary Markowitz as Defendants.  (D.I. 64).  Plaintiff alleges Mr. Chad Bar is the regional director of Correctional Medical Services and that Mr. Bar failed to remedy Plaintiff's serious medical needs.  Plaintiff further alleges that Mr. Bar, as regional medical director, has a responsibility to provide adequate medical care to Plaintiff.  Plaintiff alleges Dr. Markowitz is directly responsible for the damage to his eyes.  Plaintiff alleges that while performing surgery, Dr. Markowitz scarred his eyes making them sensitive to light and painful.  Plaintiff alleges that Dr. Markowitz  was deliberately

---

deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in the action at law, suit inequity, or other proper proceeding for redress.

indifferent to his serious medical needs by demonstrating  acts of neglect and ignoring Plaintiff's suffering by denial of access to medical attention that can correct the problems with Plaintiff's eyes.

9.      No action for the recovery of damages for alleged personal injuries shall be brought after the expiration of two years from the date upon which it is claimed that such alleged injuries were sustained.  10 Del. C. § 8119.  Plaintiff does not specifically allege when Mr. Bar engaged in conduct which violated his constitutional rights; however, because Plaintiff alleges he sustained harm from August 29, 2003 through August 29, 2006, all claims on or before April 10, 2006 are barred by § 8119.

10.     An amended complaint will not relate back if the Plaintiff was aware of the identity of the newly named parties when Plaintiff filed its original complaint and simply chose not to sue them at that time.  Garvin v. City of Philadelphia, 354 F. 3d 215 (3d Cir. 2003).

11.     An amendment to a complaint will be futile if it cannot withstand a Motion to Dismiss.  Ecke v. Atkins, 1994 U.S. Dist. LEXIS 392 (D. Del. 1994), attached hereto as Exhibit "2".

12.     Federal Rule of Civil Procedure 15(c) provides that "an amendment of a pleading relates back to the date of the original pleading when:

> (1)  Relation back is permitted by the law that provides the statute of limitations applicable to the action, or
>
> (2)  the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
>
> (3)  the amendment changes the party or the naming of the party against whom a claim is asserted if the aforegoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.
>
> Fed. R. Civ. P. 15(c).

13.     At the time that Plaintiff filed his Complaint, he was aware of the identity of Chad Bar and Dr. Gary Markowitz, yet he failed at that time to name them as parties in this action.  Plaintiff admits in his Motion

to Amend that he contacted Mr. Chad Bar. (D.I. 64 at 1) In addition, Plaintiff also admits he corresponded with Mr. Bar. (D.I. 64 at 2). Furthermore, Plaintiff admits he received treatment from Dr. Markowitz. (D.I. 64 at 3). Therefore, Plaintiff's claims from September 29, 2003 through April 10, 2006 are barred by the applicable statute of limitations.

14.      Plaintiff's Motion to Amend is untimely.  This case has been in litigation for approximately one year and seven months and Plaintiff has inexplicitly waited until after the dispositive motion deadline  has passed, CMS has filed its Motion for Summary Judgment and the deadline for him to respond to CMS' Motion for Summary Judgment has passed to seek the addition of new defendants.  Therefore, Plaintiff's Motion to Amend should be denied as untimely.

15.      Amending the Complaint to add Mr. Bar as a Defendant would be futile.  Plaintiff's case against former Defendants, Lee Ann Dunn and Deborah Rodweller, was dismissed because they did not provide direct medical care to Plaintiff.  (D.I. 26).  Mr. Bar also did not provide medical care to Plaintiff.  In addition, Mr. Bar has had no personal interaction with Plaintiff as is admitted in Plaintiff's Motion to Amend.  Therefore, since Plaintiff's Complaint was dismissed as to Lee Ann Dunn and Deborah Rodweller, it would also be dismissed as to Mr. Chad Bar  Therefore, Plaintiff's Motion to Amend should be denied.

16.      Although Plaintiff's claim against Dr. Markowitz are not timed barred since the surgery performed by Dr. Markowitz was on October 3, 2006, Plaintiff's claims against Dr. Markowitz are barred because Plaintiff has failed to comply with 18 <u>Del</u>. <u>C</u>. §6853.  This Honorable Court, <u>sua sponte</u>, previously dismissed Plaintiff's medical malpractice claims alleged in his original Complaint for failure to attach an affidavit of merit, as Plaintiff has again failed to do so. Although Plaintiff couches his claims as violations of his constitutional rights, there are actually claims for malpractice as is indicated by his statement that Dr. Markowitz allegedly scarred his eyes while performing surgery.  In addition, Plaintiff was well aware of the

identity of Dr. Markowitz before he filed his Complaint in this matter since the surgery was performed

approximately one month after he filed his Complaint.

17.    Plaintiff's Motion to Amend should be denied as to Mr. Chad Bar and Dr. Gary Markowitz

because the Motion was not timely filed, he failed to state a claim upon which relief can be granted and, at the

very least, all claims on or before April 10, 2008 are barred by the applicable statute of limitations.  Plaintiff's

Motion to Amend should also be denied as to Dr. Markowitz for Plaintiff's failure to comply with 18 Del. C. §

6853.

WHEREFORE, Defendant, Correctional Medical Services, Inc., hereby moves this Honorable Court to

deny Plaintiff's Motion to Amend Pursuant to Federal Rule of Civil Procedure 15(a).

<div style="margin-left: 40%;">

MARSHALL, DENNEHEY, WARNER,
COLEMAN AND GOGGIN

BY:    /s/ Eric Scott Thompson
KEVIN J. CONNORS, ESQ. (DE ID #2135)
ERIC SCOTT THOMPSON, ESQ. (DE ID # 4633)
1220 N. Market Street, 5th Floor
P.O. Box 130
Wilmington, DE  19899-0130
(302) 552-4302
Attorneys for Defendant,
Correctional Medical Services, Inc.

</div>

DATED: April 22, 2008
15/607191.v1

## CERTIFICATION OF SERVICE

I hereby certify that I have served upon all persons listed below two true and correct copies of the

**RESPONSE OF DEFENDANT, CORRECTIONAL MEDICAL SERVICES, INC., TO PLAINTIFF'S**

**MOTION TO AMEND PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 15(A)** in the above-

captioned matter this date by regular mail to:

Jesus Diaz
SBI # 474251
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

and by electronic filing upon the person listed below:

Stacy Xarhoulakos, Esquire
Department of Justice
Carvel State Office Building
820 North French Street, 8th Floor
Wilmington, DE  19801

> MARSHALL, DENNEHEY, WARNER,
> COLEMAN AND GOGGIN
> BY:   /s/ Eric Scott Thompson
> ERIC SCOTT THOMPSON, ESQ. (DE ID # 4633)
> 1220 N. Market Street, 5th Floor
> P.O. Box 130
> Wilmington, DE  19899-0130
> (302) 552-4302
> Attorney for Defendant,
> Correctional Medical Services, Inc.

DATED:  April 22, 2008
15/607191.v1

(Rev. 5/05)

FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. §1983

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

(1) Jesus Diaz #474251
_____
(Name of Plaintiff)        (Inmate Number)

D.C.C. 1181 Paddock Rd.
_____
(Complete Address with zip code)

(2) Smyrna DE, 19977
_____
(Name of Plaintiff)        (Inmate Number)

_____
(Complete Address with zip code)

(Each named party must be listed, and all names
must be printed or typed. Use additional sheets if needed)

vs.

(1) Thomas Carroll (warden)
(2) C.M.S. Correction Medical Service
(3) Cpl. Merson, I.G.C.
_____
(Names of Defendants)

(Each named party must be listed, and all names
must be printed or typed. Use additional sheets if needed)

:
:
:
:
:
:
:          06 - 550
:
:          _____
:              (Case Number)
:          ( to be assigned by U.S. District Court)
:
:
:
:
:          CIVIL COMPLAINT
:
:          • •  Jury Trial Requested
:
:
:

2006 SEP -5  PM 1: 05
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE
SCANNED
IFP

I.     PREVIOUS LAWSUITS

A.     If you have filed any other lawsuits in federal court while a prisoner, please list the caption and case number
       including year, as well as the name of the judicial officer to whom it was assigned:

       NONE _____

       _____

       _____

       _____

       _____

       _____

(1.)

II.　**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

In order to proceed in federal court, you must fully exhaust any available administrative remedies as to each ground on which you request action.

A.　Is there a prisoner grievance procedure available at your present institution?　• •Yes　• •No

B.　Have you fully exhausted your available administrative remedies regarding each of your present claims?　• •Yes　• •No

C.　If your answer to "B" is Yes:

　　1.　What steps did you take? I filed sick call slips and medical grievances

　　2.　What was the result? Unresolved, plaintiff in pain with degenerative loss of eyesight.

D.　If your answer to "B" is No, explain why not: N/A

III.　**DEFENDANTS** (in order listed on the caption)

(1) Name of first defendant: Thomas Carroll

Employed as Warden at D.C.C.

Mailing address with zip code: Department of Correction 245 McKee Rd Dover De. 19901

(2) Name of second defendant: C.M.S. Correction Medical Service

Employed as Medical Staff at D.C.C.

Mailing address with zip code: Correction Medical Service 1201 College Park Dr Suite 101 Dover De. 19904

(3) Name of third defendant: Cpl. Merson

Employed as IGC Chairman at D.C.C.

Mailing address with zip code: Department of Correction 245 McKee Rd Dover De. 19901

(List any additional defendants, their employment, and addresses with zip codes, on extra sheets if necessary)

2

<u>Defendants</u>

(4). Ms. Lee Anne Dunn, employed as medical investigating personel for C.M.S. at D.C.C. 1181 Paddock Road Smyrna, Delaware 19977

(5.) Ms. Deborah Rodweller, employed as medical investigating personel at D.C.C. 1181 Paddock Road Smyrna Delaware 19977

(6.) Ms. Cindy Atallian, employed as a Counselor at D.C.C. 1181 Paddock Road Smyrna Delaware 19977

The plaintiff is holding all the defendants in this civil complaint liable in their individual and official capacity due to the violation of his 8th and 14th constitutional amendment rights.

(3)

## IV. STATEMENT OF CLAIM

Plaintiff claims Thomas Carroll, is the warden of D.C.C. and he is being held liable in his individual and official capacity. Plaintiff claims the warden lacks education and trainning and is constantly violating plaintiff's 8th and 14th constitutional amendment rights by failing to provide adequate medical care or an adequate medical grievance procedure.

Plaintiff claims breach of contract due to Thomas Carroll Knowingly and willingly with reckless disregard to plaintiff's health, did enter into a medical contract with C.M.S. Knowing the contract was going to be broken, thereby violating 8th and 14th constitutional amendment rights

(4.)

Plaintiff claims Thomas Carroll has knowingly, willingly and intentional with a reckless disregard for the plaintiff's health failed and refuse to provide plaintiff with adequate medical care, thereby violating his 8th and 14th constitutional amendment rights and further causing pain and loss of sight in both eyes.

Plaintiff claims Thomas Carroll has knowingly, willingly and intentional failed to do criminal back ground checks on hired employees and this negligence has caused people with criminal records to work at D.C.C. and loose plaintiff's sick call slips and grievance forms thereby causing pain and loss of sight in both eyes and this was a direct violation of plaintiff's 8th and 14th constitutional amendment rights.

(5.)

Plaintiff claims C.M.S. Correction Medical Service did knowingly willingly and intentionally with a reckless disregard to plaintiff's health, did breach the contract to provide adequate medical care to plaintiff, thereby violating his 8th and 14th constitutional amendment rights.

Plaintiff claims C.M.S. did knowingly willingly and intentionally refused and delayed giving plaintiff adequate medical care to his eyes, thereby creating irrepairable damage to the plaintiff's eyes causing loss of sight in both eyes.

Plaintiff claims C.M.S. did knowingly willingly and intentionally refused and delayed to give plaintiff medical care due to C.M.S. not wanting to spend money for plaintiff's health care.

(6.)

Plaintiff claims C.M.S. has knowingly willingly and intentionally failed to do criminal background checks or drug testing on employees and this negligence has caused people with criminal records and drug addicts to work at D.C.C. and as a direct result of C.M.S.'s negligence, Plaintiff has suffered and continues to suffer from loss of sight in both eyes and pain daily

Plaintiff claims medical malpractice against C.M.S. and D.C.C. due to not getting adequate medical care due to C.M.S. and D.C.C. trying to save money by not giving plaintiff adequate medical care, thereby causing pain and loss of sight in both eyes which also violated plaintiff's 8th and 14th constitutional amendment rights, from 8/29/03 until 8/29/06 C.M.S. has constantly denied and lost plaintiff's paper work for proper medical care.

(7.)

Plaintiff claims Clp. Merson is head Chairman of the inmates grievance committee and lacks education and trainning to be head chairman of the grievance committee due to her failure to process the grievance in accordance with the laws of Delaware and the policies and procedures of D.C.C. from 8/29/03 until the filing of this complaint

Plaintiff claims Clp. Merson did intentionally, knowingly, willingly with reckless disregard to plaintiff health continue to loose and/or fail to process plaintiff's medical grievances, thereby violating his 8th and 14th constitutional amendment right, which has caused his medical care to be delayed, this negligence has left plaintiff in pain and loss of sight in both eyes

(8.)

Plaintiff claims Cpl. Merson is negligent and incompetent and has intentionally knowingly, willingly, with a reckless disregard to plaintiffs health block and delay the surgery which has already been ordered thereby violating plaintiff's 8th and 14th constitutional amendment rights.

Plaintiff claims Cpl. Merson did knowingly intentionally and willingly with a reckless disregard for plaintiffs health failed and refused to honor the request of Cindy Atallian to help plaintiff take care of his medical condition concerning his eyes from 8/29/03 until now this is a direct violation of plaintiff's 8th and 14th constitutional amendment rights thereby causing paining and suffering as well as damage and loss of sight in both eyes.

(9.)

Plaintiff claims Ms. Lee Anne Dunn, was employed as a medical investigating person for C.M.S., and did knowingly willingly and intentional, breach the contract to provide plaintiff with adequate medical care, on or about 9/13/05

Plaintiff claims Ms. Lee Anne Dunn, lacks education and trainning to be a medical investigating person for C.M.S. at D.C.C., because she refused to follow proper procedures so plaintiff could get adequate medical care for his eyes on or about 9/13/05

Plaintiff claims Ms. Lee Anne Dunn did intentionally knowingly and willingly fail to investigate plaintiff's medical condition, thereby violating plaintiff's 8th and 14th constitutional amendment rights; and caused pain with loss of sight in both eyes.

(10.)

Plaintiff claims Ms Lee Anne Dunn did intentionally knowingly and willingly mislead the grievance board at D.C.C. on 9/13/05 by stating she would make sure Plaintiff would begin to get adequate medical care for his eyes, but plaintiff havent, thereby causing him pain and loss of sight in both eyes.

Plaintiff claims Ms Lee Anne Dunn did intentionally knowingly and willingly with a reckless disregard for plaintiffs health, misplace, loose, and stop plaintiffs grievances from going forward so he could get adequate medical care for his eyes, this caused loss of eye sight and pain thereby violating his 8th and 14th constitutional amendment rights.

(11.)

Plaintiff claims Ms. Deborah Rodweller was employed as a medical investigator for C.M.S. when she knowingly willingly and intentionally breach the contract to provide plaintiff with adequate medical care on or about 4/26/06

Plaintiff claims Ms. Deborah Rodweller lacks education and trainning to be a medical investigator for C.M.S. at D.C.C. and due to Ms. Deborah's lack of education and trainning plaintiff has suffered and continues to suffer from pain and loss of sight in both eyes

Plaintiff claims Deborah Rodweller did intentionally knowingly and willingly failed to investigate plaintiff's medical condition, thereby violating plaintiff's 8th and 14th constitutional amendment rights with pain and loss of sight in both eyes. (12.)

Plaintiff claims Ms. Deborah Rod-weller did intentionally knowingly and willingly mislead the grievance board at D.C.C. on 4/26/06 by stating she would make sure plaintiff would begin to get adequate medical care for his eyes, but plaintiff havent, thereby causing him pain and irrepairable damage in both eyes and loss of sight in both eyes.

Plaintiff claims Ms. Deborah Rodweller did intentionally, knowingly and willingly with a reckless disregard for plaintiff's health, when she misplaced, loss and/or stopped plaintiff's grievances from going forward so he could get adequate medical care for his eyes, this caused loss of eyesight, pain and irrepairable damage in both eyes thereby violating his 8th and 14th constitutional amendment rights.

(13.)

Plaintiff claims Ms. Cindy Atallian was counselor at D.C.C., but she lacks education and trainning to be a counselor, due to her failure to follow policies and procedures of D.C.C.

Plaintiff claims Ms. Cindy Atallian failed to honor her position when she violated plaintiff's 8th and 14th constitutional amendment rights

Plaintiff claims Ms. Cindy Atallian interferred with the medical process which caused plaintiff's medical problem to be delayed and denied, which has also caused plaintiff pain and loss of sight in both eyes

(14.)

Plaintiff claims Cindy Atallian did intentionally knowingly and willingly with a reckless disregard for Plaintiffs health failed and/or refused to report the D.C.C. and C.M.S. officials to the propper Delaware authorities due to Plaintiff not being provided with adequate care, this was a direct violation of plaintiffs 8th and 14th constitutional amendment rights thereby causing pain and loss of sight in both eyes.

Plaintiff claims Cindy Atallian did intentionally knowingly and willingly with a reckless disregard for plaintiffs health did mislead the plaintiff by stating she would help him get adequate medical care, so plaintiff would delay in filing this civil complaint, which caused pain and irrepairable damage in both eyes

(15.)

## IV. STATEMENT OF CLAIM

(State as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach no more than three extra sheets of paper if necessary.)

1. Plaintiff claims Breach of Contract against D.C.C. and C.M.S. for failing to provide adequate medical care to plaintiff, thereby violating plaintiff's 8th and 14th constitutional amendment rights.

2. Plaintiff claims medical malpractice due to C.M.S. delaying and denying him adequate medical care which is causing him pain and to loose eyesight in both eyes, which violates his 8th and 14th constitutional amendment rights

3. Plaintiff claims inadequate medical grievance procedure, which has lost and delayed the grievance process, therefore plaintiff has no other remedy but to go to court

## V. RELIEF

(State briefly exactly what you want the Court to do for you. Make no legal arguments. Cite no cases or statutes.)

1. WHEREFORE, plaintiff humbly pray's this honorable court to grant declaratory judgement for plaintiff against the defendants due to the violation of plaintiff's 8th and 14th constitutional amendment rights

16

2. Further grant plaintiff punitive damages in the amount of #100.000.⁰⁰ ONE HUNDRED THOUSAND DOLLARS against each defendant involved in this civil complaint

3. Further awarding compensatory damages in the amount of #100.000.⁰⁰ ONE HUNDRED THOUSAND DOLLARS As well as statutory damages and investigation and attorney fees and all other relief the court deems just!

I declare under penalty of perjury that the foregoing is true and correct.

Signed this __28__ day of __August__, 2006.

_____
(Signature of Plaintiff 1)

_____
(Signature of Plaintiff 2)

_____
(Signature of Plaintiff 3)

17

## Certificate of Service

I, _Jesus Diaz_____, hereby certify that I have served a true

and correct cop(ies) of the attached: _Civil Complaint, 1983_ .

_____ upon the following

parties/person (s):

8 copies

TO: _District Court Clerk_        TO: _____

_U.S. District Court_            _____

_Lockbox 18_                     _____

_Wilmington DE 1980l_            _____

_____

TO: _____   TO: _____

_____        _____

_____        _____

_____        _____

_____        _____

BY PLACING SAME IN A SEALED ENVELOPE and depositing same in the United
States Mail at the Delaware Correctional Center, 1181 Paddock Road, Smyrna, DE
19977, postage to be paid by the Dept. Of Corrections.

On this _28_ day of _August_____, 2006

_Jesus Diaz_____

(18)

Office of the clerk
United States District Court
844 N. King Street, Lockbox 18
Wilmington, Delaware 19801-3570

I/M  Jesus Diaz
SBI# 474251   UNIT W-1
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

LEXSEE 1994 U.S. DIST. LEXIS 392

**WOLFGANG ECKE, Plaintiff, v. DONALD ATKINS, JR., KENNETH STULLER, JR., SPECIAL AGENTS OF THE FBI FOR THE DISTRICT OF DELAWARE, UNNAMED and WILLIAM C. CARPENTER, Defendants.**

**Civil Action No. 88-688-LON**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE**

*1994 U.S. Dist. LEXIS 392*

**January 12, 1994, Decided**

**COUNSEL:** [*1] Wolfgang Ecke, pro se, plaintiff, c/o J. Petrak, Senftengerger Ring 88, D 1000 Berlin 26, Germany.

Nina A. Pala, Esquire, U.S. Attorney's Office, 1201 Market Street, Suite 1100, P.O. Box 2046, Wilmington, Delaware 19899, attorney for defendants.

**JUDGES:** TROSTLE

**OPINION BY:** MARY PAT TROSTLE

**OPINION**

*REPORT AND RECOMMENDATION*

　　Dated: January 12, 1994

　　Wilmington, Delaware

　　TROSTLE, U.S. Magistrate Judge

　　FACTS AND PROCEEDINGS

　　Plaintiff's *pro se* Complaint was received by this Court on November 3, 1988 (D.I. 2). Prior to that time, plaintiff had filed an administrative claim with the U.S. Department Justice under the Federal Tort Claims Act, *28 U.S.C. § 2672 et seq.* (FICA). Pursuant to this administrative claim, plaintiff asserted that the FBI lost, damaged and did not properly inventory personal property that was seized in connection with his arrest (D.I. 59, Ex.A). After the claim was reviewed , it was denied by the Department of Justice on August 23, 1988

on the basis of insufficient evidence of negligence on the part of any federal employee. Pursuant to that letter, plaintiff was advised that if dissatisfied with the determination, he could file suit in the appropriate [*2] United States District Court under *28 U.S.C. § 2401(b)* within six (6) months after the date of mailing of the notification of denial (D.I. 59, Ex.B).

　　In his initial Complaint, plaintiff sued the United States of America, the U.S. Department of Justice and the Federal Bureau of Investigation alleging that these agencies were negligent in seizing his personal property (D.I. 2). The Complaint did refer to defendant Atkins in its body, though he was not a named party to the original Complaint.

　　Thereafter, the Magistrate construed his Complaint as an attempt to assert a civil rights claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 29 L. Ed. 2d 619, 91 S. Ct. 1999 (1971)*, and determined that the Complaint should be dismissed without prejudice pursuant to *28 U.S.C. § 1915(d)* (D.I. 4).

　　Plaintiff had insisted that he was bringing his action under the Federal Tort Claims Act until the Court determined that the FTCA precluded his claim. In his objections to the Magistrate-Judge's Report and Recommendation, plaintiff asserted that since he was a *pro se* litigant and a German citizen [*3] unfamiliar with the laws of this country, he did in fact intend to bring a civil rights action for constitution violation under *Bivens* (D.I. 6, 26, 28, 30).

　　In its Order dated June 25, 1992 (D.I. 39), the Court

concurred with the Magistrate-Judge's determination that *28 U.S.C. § 2680(c)* and *Kosak v. United States, 465 U.S. 848, 79 L. Ed. 2d 860, 104 S. Ct. 1519 (1984)* precluded a FTCA claim, and dismissed plaintiff's Federal Tort Claim Act action against all defendants. However, the Court found that the *Bivens* action was not precluded as a matter of law and on the facts before it, but did note that plaintiff had named only the United States, the U.S. Department of Justice and the Federal Bureau of Investigation as parties in the caption of his Complaint. As a result, since no *Bivens* remedy was available against defendants pursuant to *Laswell v. Brown, 683 F.2d 261, 268 (8th Cir. 1982), cert. denied* sub nom., *Laswell v. Weinberger, 459 U.S. 1210, 75 L. Ed. 2d 446, 103 S. Ct. 1205 (1983)*; *Jaffee v. U.S., 592 F.2d 712, 717-18 (3d Cir. 1978), cert. denied, 441 U.S. 961, 60 L. Ed. 2d 1066, 99 S. Ct. 2406 (1979)*, [*4] the Court determined that the United States, the U.S. Department of Justice and the FBI were not appropriate parties and dismissed the action against these three defendants. Because plaintiff did name an FBI agent who received service on behalf of defendant Federal Bureau of Investigation and indicated within the Complaint that other unidentified agents were also involved in the alleged constitutional deprivations, the Court afforded plaintiff the opportunity to amend his Complaint pursuant to *Fed.R.Civ.P.15*, by requiring plaintiff to file an Amended Complaint pursuant to his *Bivens* claims against the individual FBI agents within twenty days of the date of the Order. If plaintiff failed to do so, then the claims against the FBI agents would be dismissed without prejudice (D.I. 39). Since plaintiff failed to amend his Complaint within the time specified pursuant to the June 1992 Order, on July 24, 1992, an Order dismissing plaintiff's *Bivens* claims against the individual agents without prejudice was entered (D.I. 42).

On August 4, 1992, plaintiff moved for reconsideration of the Court's July 24, 1992 Order and the case was reopened (D.I. 43). On August 12, 1992, the Court granted [*5] plaintiff's motion for reconsideration and ordered him to file an Amended Complaint within thirty days of the receipt of the Order (D.I. 45). That meant that the Amended Complaint should have been filed by mid-September 1992. Subsequently, on September 25, 1992, the deadline within which plaintiff was to amend his Complaint was extended to October 19, 1992 (D.I. 47). Again, plaintiff failed to meet the required date, but did file on October 26, 1992 a document titled "Amendment to the Complaint in Civil Action No. 88-688-LON and a Motion to Appoint Counsel for the

Service of Volunteer Counsel" (D.I. 48).

Thereafter, the government in a letter motion to the Court requested that plaintiff's *Bivens* claims be dismissed (D.I. 50). Pursuant to an Order dated December 11, 1992 (D.I. 51), that motion was denied and plaintiff was provided with a copy of Local Rule 15.1 and another opportunity to amend his Complaint within thirty days of his acknowledged receipt of the Order. The Order emphasized that since plaintiff's amendment failed to conform to the format mandated by Local Rule 15.1, the Court was unable to determine exactly how plaintiff was amending his Complaint, noting that the [*6] proposed amendment included the defendants who had previously been dismissed, defendant Atkins, other unnamed special agents of the FBI, as well as, William Carpenter, U.S. Attorney for the District of Delaware and Kent A. Jordan, Assistant U.S. attorney.

Finally, on January 12, 1993, plaintiff filed another document titled "Amended Complaint Pursuant to *Bivens* Claim Against the Individual FBI Agents and the U.S. Attorney" (D.I. 56). Pursuant to this pleading, the action has been instituted against the following defendants: Special Agent Donald Atkins, Jr., Special Agent Kenneth Stuller, Jr., U.S. Attorney William C. Carpenter and Special Agents of the FBI for the District of Delaware Unnamed.

On the same date, plaintiff filed a notice of change of address with the Court specifically advising the address at which all future communications and papers should be sent regarding this matter (D.I. 55).

Thereafter, on March 29, 1993, defendants filed a motion to dismiss and opening brief in support thereof with a number of exhibits attached (D.I. 58, 59). The basis of defendants' motion is that the statute of limitations operates against plaintiff's claims under the *First, Fourth, Fifth* [*7] and *Eighth Amendments* arising out of the seizure of his property, that plaintiff failed to perfect service on the individual FBI agents, therefore this Court lacks personal jurisdiction over the defendants, that the amendment fails to state a cognizable claim since it is devoid of any facts to impose liability against the individual defendants, that qualified immunity operates protect the individual defendants and since the amendment failed to comply with Local Rule 15.1, it should be dismissed.

In addition to filing their motion to dismiss,

1994 U.S. Dist. LEXIS 392, *7

defendants also filed a motion to stay discovery on the basis of the immunity defense and pursuant to *Hunter v. Bryant, 116 L. Ed. 2d 589, 112 S. Ct. 534, 536 (1991)* and *Harlow v. Fitzgerald, 457 U.S. 800, 818, 73 L. Ed. 2d 396, 102 S. Ct. 2727 (1982)* (D.I. 60).

Since plaintiff failed to respond and was in violation of D.Del.L.R.7.1.1, an Order was entered on August 4, 1993 setting up a memorandum or brief schedule regarding defendants' outstanding motions (D.I. 62). Pursuant to that Order, a copy of it was to be sent to plaintiff via airmail at his current address in Berlin Germany as directed in his previous letter (D.I. 55) to the Court. [*8] Plaintiff was further required to acknowledge the receipt of this Order by signing, dating and returning to the Court the enclosed copy. According to the Court records, the two copies of that Order were sent via airmail to plaintiff. However, on August 20, 1993, copies of the Order of August 4, 1993 were returned as non-deliverable, despite being sent to the last address previously identified by plaintiff (D.I. 64).

Since the obligation rests with plaintiff to keep this Court properly advised of his location, and since it has been nine months since plaintiff filed his proposed Amended Complaint and over six months since defendants filed their motions, this matter is ripe for decision.

Facts

The basis of the claims raised in this matter result from the arrest of plaintiff and his business partner, Johann W. Zalud, on October 16, 1987 in Wilmington, Delaware in connection with bank fraud and conspiracy charges. On that same date, plaintiff consented to a search of his apartment located at the Plaza Apartments, his business office and automobiles (D.I. 59, Ex.C). At that time, plaintiff received a copy an itemized receipt for the property seized from him related to his arrest. A copy [*9] of the receipt for the property seized from his apartment was left at his residence (D.I. 59, Ex.D, receipts for items seized). As a result of the search, the personal property seized was used as evidence in the criminal matter against plaintiff. The property seized included U.S. currency, traveler's checks, money orders, camera, a Chevrolet van, binoculars, televisions, a video cassette recorder, airline tickets, business records, vehicle registrations, a driver's license and other documents pertaining to the identity of plaintiff, as well as, his business partner.

The unrefuted evidence shows that certain property was released or disposed of as follows.

Pursuant to the directions of Jack Willard, plaintiff's attorney, on November 7, 1987, Jeanne Hart took possession of miscellaneous personal items which included two leather jackets, a black leather carrying case, credit cards, business cards, auto club cards and binoculars and two cameras. Ms. Hart was designated by plaintiff pursuant to a power of attorney to retrieve his personal belongings. Since the time Ms. Hart received these items, until at least the execution of her affidavit in April 1992, she has retained the personal [*10] belongings which she took custody of at his request. Further, plaintiff was aware of the items which she has in her possession since, on more than one occasion, plaintiff had been provided with an inventory list (D.I. 59, Ex.E, aff. of Jeanne Hart).

Thereafter, on September 7, 1989, pursuant to Order of Restitution of this Court, the U.S. currency, money orders, traveler's checks and the Chevrolet van were released to the U.S. Marshals (D.I. 59, Ex.F) to make partial restitution to the Second National Federal Savings Bank and the Colonial National Bank, two of plaintiff's victims.

Pursuant to an Order dated March 5, 1991, plaintiff's motion requesting return of a number of items of personal property seized was denied (D.I. 59, Ex.G). However, the government was given a reasonable amount of time to determine which of the items requested by plaintiff had no evidentiary value to the United States or other governmental entities, to determine which such items lacking evidentiary value plaintiff would be permitted to have in his possession while incarcerated by the Bureau of Prisons and to furnish the Court with a list of items falling into either of those categories. Thereafter, the Court [*11] would then consider plaintiff's motion with regard to the items on his list. Apparently, plaintiff made a further request to Mr. Jordan through a letter of December 1, 1991 to have certain property returned to a Jean Morris located in Wichita Falls, Texas. As a result, another order was issued by the Honorable Joseph J. Longobardi on March 11, 1992 authorizing the return of certain personalty to Jean Morris, plaintiff's designated recipient. Those items were two television sets, a VCR, two wallets, nail clippers and a handkerchief. On June 15, 1992, these items were released to Delaware Moving and Storage for shipment to plaintiff's designated recipient,

1994 U.S. Dist. LEXIS 392, *11

Jean Morris (D.I. 59, Ex.G).

Of the property currently being held by the FBI, it primarily consists of personal identity documents regarding Mr. Ecke and his partner, Mr. Zalud. This personalty includes a driver's license of plaintiff, an auto registration for the Chevrolet van which was part of the restitution and had been owned by Dream Travel Club, airline tickets and business records of IET Corporation and Dream Travel Corporation.

Pursuant to plaintiff's latest filing, that is the document purporting to be an Amended Complaint, [*12] plaintiff is alleging that as a result of not receiving an inventory as he requested and the failure to release the airline tickets to him, he sustained damages in the amount of One Million Dollars ($ 1,000,000.00) along with court costs.

DISCUSSION

Standard of Review

Although defendants couch their motion as a motion to dismiss, referred to and relied upon in their brief are a number of exhibits, including the affidavit of Jeanne Hart, which are matters outside the pleadings. Therefore, the standard of review would be pursuant to *Rule 56* for summary judgment.

*Federal Rules of Civil Procedure 56(c)* provides that a party is entitled to summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Although the party seeking summary judgment always bears the initial responsibility of informing the Court of the basis for its motion, and identifying those portions of the pleadings, papers and documents on file, including affidavits, which demonstrate the absence of a genuine issue of [*13] material fact, where the non-moving party opposing summary judgement has the burden of proof at trial on the issue for which summary judgment is sought, he must then make a showing sufficient to establish the existence of an element essential to his case. *Celotex Corp. v. Catrett, 477 U.S. 317, 322, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986).* If the non-moving party fails to make such a showing, then the moving party is entitled to judgment as a matter of law. *Id. at 322-23.*

"In other words [are] any genuine factual issues that properly can be resolve only by a finder of fact because they may reasonably be resolved in favor of either party." (Emphasis added). *Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986).*

Factual disputes that are irrelevant or unnecessary will not be counted. *Id. at 248.* The mere existence of a scintilla of evidence in support of the non-moving party will not prevent the grant of a motion for summary judgment; there must be enough evidence to enable a jury to reasonably find for the non-moving party on that issue. *Id. 249.* Mere speculation or conjecture [*14] by the non-moving party clearly cannot preclude the granting of summary judgment.

Proposed Amended Complaint

Plaintiff has been given repeated opportunities to allege a cause of action. He has been repeatedly provided direction from this Court regarding its procedures, including being provided a copy of the Local Rule 15.1. He has been directed to keep this Court advised of his address changes and location. In every regard, plaintiff has continually failed to follow this Court's instructions. Even taking into account plaintiff's *pro se* and foreign citizen status, extensive patience has been exercised by the Court. Further, based upon the papers and letters submitted by plaintiff to date, it is clear that he has a substantial understanding of English and is very capable in expressing himself in that language.

Plaintiff's last Amended Complaint (D.I. 56) again fails to meet the requirements of Local Rule 15.1. It appears that plaintiff is claiming that the defendants, through negligence, caused damage to plaintiff by failing to return personality or by sending certain personalty to Jeanne Hart, an individual plaintiff now claims was not his authorized representative.

However, this [*15] amendment fails in all respects to comply with Local Rule 15.1. Generally, a single failure to comply with this Court's rules will not automatically result in a denial of a motion to amend, however, plaintiff's continued failure to comply with the Rules and Orders of this Court over an extensive period of time leads to dismissal of his proposed Amended Complaint and as a result, dismissal of this action.

Failure to State a Cause of Action

Even if the Amended Complaint was allowed, it would not survive a motion to dismiss and does not survive defendants' motion for summary judgment. In his conclusory allegations, plaintiff asserts that his *First, Fourth, Fifth* and *Eighth Amendments* have been violated. But, there are no facts alleged to support this claim. As noted previously, at the most, plaintiff asserts that defendants were negligent in the handling of the seizure or property. No facts have been asserted to suggest improperly seized or retention of certain personalty regarding his underlying criminal charges and convictions to support either a *Fourth Amendment* claim or an action under the *Fifth Amendment due process clause.* The bald assertion of alleged violations under the *First* [*16] and *Eighth Amendments* are even more tenuous. No facts averred remotely suggest a violation of the free speech protection or indicate deliberate indifference or cruel and unusual punishment.

Although the "heightened specificity requirement" for civil rights complaints may have been modified by *Leatherman v. Tarrant County Narcotics Gov't., 122 L. Ed. 2d 517, 113 S. Ct. 1160 (1993)*, a litigant under *Fed.R.Civ.P.8(a)(2)* is still required to provide a short plain statement of the claim that will give fair notice of what plaintiff's claim is and the grounds upon which it rests. *Id. at 1163.* Further, a claim for relief for a constitutional violation must be asserted. *Butz v. Economou, 438 U.S. 478, 57 L. Ed. 2d 895, 98 S. Ct. 2894 (1978).*

Actions based in negligence do not rise to a constitutional violation. *Daniels v. Williams, 474 U.S. 327, 88 L. Ed. 2d 662, 106 S. Ct. 662 (1986).*

Although a liberal policy has been adopted in favor of granting leave to amend to allow decisions on the merits whenever possible, such a policy is not without restraint. *Frantz v. United States of America,* C.A. No. 91-483-JLL (D. Del. February 10, 1992). Leave to amend [*17] is within the clear decision of the Court, which should be granted freely unless other factors, such as, undue delay, bad faith, dilatory motive, *repeat failure to cure deficiencies,* undue prejudice to the opposing party or futility of the amendment warrant denial. Id. at 182. An amendment to a complaint will be "futile" if it cannot withstand a motion to dismiss. *Jablonski v. Pan American World Airways, Inc., 863 F.2d 289, 292 (3d Cir. 1988).* As discussed above, plaintiff's proposed Amended Complaint would not survive a Rule 12

motion. For this additional reason, it should be dismissed.

Qualified Immunity

Although it has been long recognized that an action for damages may be appropriate where a government official abuses his office, qualified immunity exists to protect government officials from the personal costs of litigation and the resultant inhibiting affect such litigation would and can have on the proper discharge of their responsibilities. *Anderson v. Creighton, 483 U.S 635, 638, 97 L. Ed. 2d 523, 107 S. Ct. 3034 (1987); Harlow v. Fitzgerald, 457 U.S. 800, 814, 818, 73 L. Ed. 2d 396, 102 S. Ct. 2727 (1982); Lee v. Mihalich, 847 F.2d 66, 69 (3d Cir. 1988).* [*18] Therefore, government officials are protected from civil liability insofar as their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow, 457 U.S. at 818.* Qualified immunity is freedom from suit, not just a liability defense. As a result, resolution of whether immunity applies is to be determined at the earliest possible stage in litigation. *Hunter v. Bryant, 116 L. Ed. 2d 589, 112 S. Ct. 534, 536 (1992); Mitchell v. Forsyth, 472 U.S. 511, 526, 86 L. Ed. 2d 411, 105 S. Ct. 2806 (1985).* The burden, therefore, rests on plaintiff to adequately allege and show the facts and circumstances known to the defendants establishing that no officer in defendants' respective positions could have reasonably believed that the conduct taken was lawful. *Anderson, 483 U.S. at 640-41.*

In the absence of any factual demonstration of violations of plaintiff's constitutional tights or allegations indicating a knowing constitutional violation, qualified immunity applies. There are no objective parameters alleged to suggest that defendants know or should have [*19] known that the search, seizure, retention and authorized release of plaintiff's property in connection with his arrest was improper. Rather, as shown by the affidavit of Jeanne Hart and the other exhibits attached to defendants' brief, there is unrefuted evidence to the contrary. The exhibits show that the conduct of defendants was consistent with the Orders of this Court and the directions provided by plaintiff and his counsel (D.I. 59, Exhibits). Therefore, under the circumstances, this matter should be dismissed.

Respondeat Superior

Plaintiff appears to attempt to add William

Carpenter, then United States Attorney for this district as a defendant based upon the conduct of the other defendants for which he was somehow responsible. No specific direct or personal involvement in the conduct has been alleged against him. Since claims under § 1331 and *Bivens* are the federal counterpart of *§ 1983* actions, the law on collateral issues and defenses apply by analogy. *Paton v. LaPrade, 524 F.2d 862, 871 (3d Cir. 1975)*.

Repeatedly and unequivocally, the Third Circuit has rejected *respondeat superior* as the sole basis for liability under *§ 1983*. *Gay v. Petsock, 917 F.2d 768, 771 (3d Cir. 1990)*; [*20] *Rizzo v. Goode, 423 U.S. 362, 375, 46 L. Ed. 2d 561, 96 S. Ct. 598 (1976)*. For liability under *§ 1983* to be imposed against a supervisory official, a plaintiff must 1) identify with particularity what the supervisory official failed to do that demonstrates his deliberate indifference and 2) demonstrate a close causal relationship between the identified deficiency and the ultimate injury. *Sample v. Diecks, 885 F.2d 1099, 1188 (3d Cir. 1989)*. In the absence of any allegations showing acquiescence or personal involvement, any claim raised against defendant Carpenter should be dismissed on that basis alone.

Statute of Limitations/Fed.R.Civ.P.15

Defendants claim that plaintiff's Amended Complaint is time barred because the applicable statute of limitations for actions alleging constitutional violations brought against federal employees in their individual capacities is two years, relying on *Carr v. Town of Dewey Beach, 730 F. Supp. 591 (D.Del. 1990)*. As a result, plaintiff's Amended Complaint does not relate back to the date of the filing of the original Complaint.

Since the remedy allowed pursuant to *Bivens* is a judicial one, [*21] rather than pursuant to a statute, no federal statute of limitations exists for actions alleging constitutional violations against federal officials. *Bivens* actions have been determined to be analogous to civil right actions brought against state officials under *42 U.S.C. § 1983*. *Wilson v. Garcia, 471 U.S. 261, 85 L. Ed. 2d 254, 105 S. Ct. 1938 (1985)*; *Carlson v. Green, 446 U.S. 14, 21 n.6, 64 L. Ed. 2d 15, 100 S. Ct. 1468 (1980)*. Since there is no specific federal statute of limitations for claims under the Civil Rights Act, the Supreme Court has held that *42 U.S.C. § 1988* directs federal courts to adopt the state statute of limitations for the most comparable cause of action, not inconsistent with federal law or policy. *Wilson v. Garcia, 471 U.S. at 266-67, 269*. Such

claims are most comparable to common law tort actions, and are subject to the state statute of limitations for personal injury claims. *Id. at 275, 280*; *Owens v. Okure, 488 U.S. 235, 102 L. Ed. 2d 594, 109 S. Ct. 573 (1989)*. As a result, the relevant state statute of limitations for personal [*22] injury proceedings would determine the timeliness of an action brought under *Bivens*. *Goodman v. Lukens Steel Co., 482 U.S. 656, 662, 96 L. Ed. 2d 572, 107 S. Ct. 2617 (1987)*. Therefore, Delaware's personal injury limitations period which is applicable to a *§ 1983* claim would also be applicable to a *Bivens* action. *Chin v. Bowen, 833 F.2d 21, 23-24 (2d Cir. 1987)*; *VanStrum v. Lawn, 940 F.2d 406 (9th Cir. 1991)*; *Bieneman v. City of Chicago, 864 F.2d 463, 469 (7th Cir. 1988), cert. denied, 490 U.S. 1080, 104 L. Ed. 2d 661, 109 S. Ct. 2099, 109 S. Ct. 2100 (1989)*.

In Delaware, the relevant state statute of limitations on a personal injury claim is two years, pursuant to *10 Del. C. § 8119*. *Carr v. Dewey Beach, 730 F. Supp. 591 (D.Del. 1990)*. The period begins to run when the injury is sustained, not when the full extent of the injury is known. *Chrisco v. Shafran, 525 F. Supp. 613 (D.Del. 1981)*. The courts cannot extend the limitations period due to hardship or out of notions of fair pay. *Nose v. Rementer, 610 F. Supp. 1991 (D.Del. 1985)*. [*23]

Although state law determines the applicable limitations period for claims under *§ 1983*, federal law decides the date of accrual. *Deary v. Three Unnamed Police Officers, 746 F.2d 185, 197, n.16 (3d Cir. 1984)*. A claim under *§ 1983* accrues when the plaintiff knows or has reason to know of the injury that forms the basis of his cause of action. *Id.; Sandutch v. Muroski, 584 F.2d 252, 254 (3d Cir. 1992)*.

However, the application of the two year statute of limitations must be examined in light *Fed.R.Civ.P.15*, of the various Court Orders and plaintiff's Complaint and attempted amendments.

In the first final Order entered (D.I. 39), the Court, in addition to dismissing plaintiff's Federal Tort Claim action, dismissed *without* prejudice plaintiff's *Bivens* claim against the United States, the U.S. Department of Justice and the F.B.I. on the basis of sovereign immunity, the absence of a *Bivens* action existing against the United States and the absence of a *Bivens* action existing on the theory of *respondeat superior*. However, plaintiff was allowed to amend his Complaint to pursue a *Bivens* claim against the individual [*24] F.B.I. agents, as named in

his original Complaint, if the amendment was filed within twenty days of the Order. Otherwise, the failure to do so would result in the *Bivens* claims against the individual F.B.I. agents, including agent Atkins, being dismissed *without* prejudice. Therefore, the possible *Bivens* claims against agent Atkins was not dismissed to the extent that the body of plaintiff's original Complaint contained allegations against him. Those allegations can be found primarily at PP 3, 4, 7, 9-12 (D.I. 2). According to these allegations, plaintiff claims that somehow his constitutional rights were violated because the F.B.I. agents involved failed to make an accurate and correct inventory of the personality removed, damaged or lost some of plaintiff's personality seized, including $ 12,000.00 in cash and a Chevelet van which belonged to a Delaware corporation of which he was a principal and improperly returned the keys to his apartment at the Plaza to management without his knowledge or permission. Further, the unidentified agents allegedly informed the Plaza management to pack up the plaintiff's remaining property and remove it for management's own use.

On July [*25] 22, 1992, almost thirty days after the original Order, because plaintiff failed to file an Amended Complaint, the *Bivens* claims against the F.B.I. agents were dismissed without prejudice (D.I. 42).

Subsequently, plaintiff filed a motion for reconsideration (D.I. 43). Because plaintiff claimed that he had not received the June 25 Order (D.I. 39), his motion for reconsideration was granted and plaintiff was given another thirty days from August 11, 1992 in which to amend his Complaint (D.I. 45).

On September 3, 1992, the Order of August 11, 1992 was modified to reflect plaintiff's current address and require an acknowledged receipt from him of both the August 11 and September 3 Orders (D.I. 46, 47). Plaintiff acknowledged receipt of said Orders and their enclosures on September 18, 1992. However, he failed to file an Amended Complaint within thirty days, but did file a document captioned as an Amended Complaint and a motion for appointment of counsel (D.I. 48). Although the Amended Complaint was not timely filed, failed to conform to D.Del.L.R.15.1 and included parties previously dismissed, the Court allowed plaintiff another thirty days to file an Amended Complaint in the appropriate [*26] formate, that is, consistent with L.R.15.1. The Court also noted that the proposed Amended Complaint included previously unnamed

parties, that is, Williams Carpenter and Kent Jordan.

Thereafter, on January 12, 1993, plaintiff filed the present Amended Complaint under consideration to assert a *Bivens* claim against certain individual F.B.I. agents (Atkins and Stuller), unnamed agents of the F.B.I. and William C. Carpenter, then the United States Attorney for this district. In the present proposed amendment, plaintiff asserts that the named and unnamed F.B.I. agents who engaged in the seizure of his property and defendant Carpenter by his orders for the seizure, are responsible for the loss and damage to plaintiff's personality. In the proposed amendment, plaintiff asserts that neither the named or unnamed defendants provided him with an appropriate inventory or responded to his request for such an inventory, retained airline tickets beyond the time limit for a reimbursement of their cost and negligently and improperly allowed Jeanne Hart to enter both his apartment and office and remove property without his permission. For this, plaintiff is requesting damages and for a proper inventory [*27] of all property in the possession of defendants and that released to Ms. Hart.

*Relation Back*

Relation back of amendments is governed by *Fed.R.Civ.P.15(c)*. Although *Fed.R.Civ.P.15(a)* provides a liberal policy for amending pleadings, providing that leave to amend pleadings "shall be freely given when justice so requires," *Rule 15(c)* applies a more "stringent standard for a plaintiff seeking to relate back the joinder of a party." *Jordan v. Tapper, 143 F.R.D. 575, 580 (D.N.J. 1992)*. Until December 1, 1991, *Rule 15(c)* provided, in relevant part:

> Whenever the claim or offense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the aforegoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining his defense

Case 1:06-cv-00550-SLR    Document 66-2    Filed 04/22/2008    Page 29 of 33

Page 8
1994 U.S. Dist. LEXIS 392, *28

[*28] on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

In *Schiavone v. Fortune, 477 U.S. 21, 106 S. Ct. 2379, 91 L. Ed. 2d 18 (1986)*, the Supreme Court concluded that an amendment adding a new party to the action shall relate back to the original complaint only if the following four factors are satisfied:

> 1) The basic claim must have arisen out of the conduct set forth in the original pleading; 2) the party to be brought in must have received such notice that it will not be prejudice in maintaining its defense; 3) that party must or should have known that but for a mistake concerning identity, the action would have been brought against it; and, 4) the second and third requirements must have been fulfilled within the prescribed limitations period.

*Schiavone v. Fortune, 477 U.S. at 29, 106 S. Ct. at 2384.* Thus, the added party must have received actual notice of the action before the statute of limitations period expired. *Schiavone, 477 U.S. at 30-31, 106 S. Ct. at 2385.* [*29]

*Fed.R.Civ.P.15(c)* was amended on December 1, 1991, altering the *Schiavone* holding. *Rule 15(c)* now reads in relevant part:

> An amendment of a pleading relates back to the date of the original pleading when:

> (1) Relation back is permitted by the law that provides the statute of limitations applicable to the action, or

> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the aforegoing provision (2) is satisfied and, within the

period provided by *Rule 4(j)* for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudice in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of a party, the action would have been brought against the party. [1] (Emphasis added).

As a result of the amendment, relation-back is now governed by a modified standard. The significant difference [*30] between the superseded rule and revised *Rule 15(c)(3)* concerns the extension of time allowed for notification of an action. In amending the rule, "Congress altered the severe impact of the fourth requirement of *Schiavone, . . .* by providing that the intended party must have received notice within the period for service of the summons and complaint, rather than within the limitations period." *Jordan, 143 F.R.D. at 581.* Put simply, "an amended complaint which changes the name of the defendant will relate back to the filing of the original complaint if it arises out of the same conduct contained in the original complaint and the new party was aware of the action within 120 days of the filing of the original complaint." *Worthington v. Wilson, 790 F. Supp. 829, 833 (C.D.Ill. 1992).* Although revised *Rule 15(c)(3)* severely modifies the impact of the fourth requirement of *Schiavone,* it does not otherwise alter the first, second, or third *Schiavone* requirements. *Jordan, 143 F.R.D. at 585.* [2]

---

[1]    In commenting on the revision, the Advisory Committee noted that

> Paragraph (c)(3). This paragraph has been revised to change the results in *Schiavone v. Fortune, [477 U.S. 21, 106 S. Ct. 2379, 91 L. Ed. 2d 18 (1976)]*, with respect to the problem of the misnamed defendant. An intended defendant who is notified of an action within the period allowed by *Rule 4[j]* for service of a summons and complaint may not under the revised Rule defeat the action on account of a defect in the pleading

1994 U.S. Dist. LEXIS 392, *30

with respect to the defendant's name, provided that the requirements of clauses (A) and (B) have been met. If the notice requirement is met within the *Rule 4[j]* period, a complaint may be amended at anytime to correct a formal defect such as a misnomer or misidentification. On the basis of the text of the former Rule, the court reached a result in *Schiavone v. Fortune* that was inconsistent with the liberal pleading practices secured by *Rule 8* . . .

In allowing a name-correcting amendment within the time allowed by *Rule 4[j]* . . ., this Rule allows not only the 120 days specified in that rule, but also any additional time resulting from any extension ordered by the court pursuant to that rule, as may be granted, for example, if the defendant is a fugitive from service of the summons. (Emphasis added).

(Citations omitted).

[*31]

2    The first *Schiavone* factor was codified in *Rule 15(c)(2)*, and the second and third *Schiavone* factors are virtually identical to *Rule 15(c)(3)(A)* and *(B)*, thus, "the plaintiff must demonstrate that the new parties received actual notice of the plaintiff's claim and that each party knew or should have known that but for a mistake concerning identity, the suit would have been brought against them." *Jordan, 143 F.R.D. at 585.*

*Retroactivity of Rule 15(c)*

In its order of April 30, 1991 adopting the 1991 amendments to the Federal Rules of Civil Procedure, the Supreme Court stated:

the foregoing additions to and changes in the Federal Rules of Civil Procedure . . . shall take effect on December 1, 1991, and shall govern all proceedings in civil

actions thereafter commenced, and insofar as just and practicable, all proceedings in civil actions then pending.

*Worthington, 790 F. Supp. at 834.* Although the original Complaint was filed prior to the 1991 revisions in the Federal Rules, the Amended Complaint was filed approximately [*32] three months after the revisions, on March 2, 1992 (D.I. 46). Thus, in line with the Supreme Court's instruction, justice requires that the Amended Complaint be governed by the modified version of *Rule 15(c)*.

*Application of State Law - Rule 15(c)(1)*

Pursuant to revised *Fed.R.Civ.P. 15(c)(1)*, this Court must first examine Delaware state law to determine whether it permits relation back. *Jordan, 143 F.R.D. at 581.* Delaware Superior Court *Rule 15* provides the basis for relation back of amendments. Although Delaware law clearly permits the relation back of amendments when attempting to add new parties pursuant to *Fed.R.Civ.P. 15*, Delaware *Rule 15(c)* is at odds with *Fed.R.Civ.P. 15(c)(3)* regarding the length of time provided for notification of the action. Delaware *Rule 15* is virtually identical to former *Federal Rule of Procedure 15* (prior to the 1991 amendments), in that it follows the four-prong test set forth in *Schiavone. Marrow v. Gopez,* C.A. No. 92C-01-102, Del Pesco, J. (Del. Supr. March 31, 1993).

Since the Delaware rule regarding relation back follows all of the *Schiavone* standards which the present federal *Rule 15(c)* was adopted to [*33] modify, the state *Rule 15(c)* is "less forgiving" than the present federal rule. As a result, *Rule 15(c)(1)* does not provide a basis relation back of the proposed Amended Complaint since the statute of limitations as applied under Delaware law and relation back would be two years pursuant to *10 Del. C. § 8119.* Further, under *§ 8119,* there are no relation back provisions. Therefore, analysis of the application of *Rule 15(c)(3)* must occur.

*Rule 15(c)(3)*

As noted previously, the critical difference between superseded *Rule 15(c)* and the revised Rule is the extension of time allowed for notification of the action. The time period is no longer limited within the statutory limitations period, but includes the time period allowed for service of summons and the complaint. However, the

conduct alleged in the amended pleading must relate to and arise out of the same events and conduct alleged in the original complaint. Further, plaintiff *must demonstrate* that the new parties received actual notice of his claim and that each proposed added party knew or should have known that but for a mistake concerning identity, the action would have been instituted against them. Therefore, actual [*34] notice and knowledge of the mistaken identity must occur within the time period prescribed under new *Rule 15(c)(3)*.

Defendants do not argue that plaintiff's proposed Amended Complaint does not arise out of the same "conduct, transaction or occurrence" as contained in the original Complaint. Both appear to relate to the seizure of personalty as a result of the search warrants executed on plaintiff's residence and business. [3] Both claim damages resulting from the alleged subsequent improper handling of that personalty. Therefore, the conditions of *Rule 15(c)(2)* have been met.

> 3    Plaintiff does not appear to dispute or allege any facts suggesting that the execution of the search warrants were improper. Nor does he allege any facts that the taken of the property pursuant to the search warrants was improper.

Although the proposed Amended Complaint meets the requirements of *Rule 15(c)(2)*, in the circumstances where the amendment changes a party or the naming of a party, the conditions of *Rule 15(c)(3)(A)* and *(B)* must also [*35] be met. It is under these provisions that the applicable limitations period effects relation back.

The events relating to plaintiff's original claim arose as a result of the search warrants executed on October 16, 1987. Between that date and August 20, 1988, when plaintiff filed a federal tort claim with the Department of Justice, he attempted to locate the property seized from his residence and business. Plaintiff obviously was aware of a violation of his constitutional rights sometime prior to August 20, 1988 when he filed his administrative action (D.I. 59, Ex.A). His administrative claim not only mentioned defendant Atkins, but also was based upon the damages or loss of personal property relating to his arrest, the same allegations as raised in his original and proposed Amended Complaints. Plaintiff was required to institute his *Bivens* claim within two years from the date of the alleged constitutional violations. Although the statute of limitations period begins to run *when the injury is sustained* [4] and not when the full extent of the injury is

known, even giving plaintiff the benefit of the doubt that his awareness of the injury did not occur until shortly before the [*36] filing of the administrative action, plaintiff had two years, at the latest from August 20, 1988, in which to bring his *Bivens* action against these defendants, or by no later than August 20, 1989.

> 4    That date is October 16, 1987. Using that date, then the two year limitation period would run to October 16, 1989.

Including the benefit of the 120 day rule for service, the proposed defendants must have received actual notice of the action by no later than December 18, 1990.

The original Complaint was filed on December 8, 1988. Service of the original Complaint on the United States Attorney for the District of Delaware occurred on June 18, 1990 (D.I. 21). The present Amended Complaint was filed on January 21, 1993. No service has been requested or made on any of the proposed defendants.

In his original Complaint, plaintiff does not assert a claim against defendants Stuller or Carpenter. In fact, the original Complaint fails to allege any constitutional violation against either of these defendants.

Although notice [*37] under *Rule 15(c)(3)* may be formal or informal, more than mere awareness of a lawsuit is necessary to constitute actual notice under the Rule. *Jordan v. Tapper, 143 F.R.D. 575, 586 (D. N.J. 1992), citing Edwards v. Occidental Chemical Corp., 892 F.2d 1442, 1447 (9th Cir. 1990); Keller v. Prince George's County, 923 F.2d 30, 33-34 (4th Cir. 1991)*.

There has been no showing whatsoever that defendant Stuller was even aware of plaintiff's original action. Although defendant Carpenter may have been aware of the prior non-specific complaint against the Department of Justice, such notice does not constitute actual notice of the claims presently raised against him. *Jordan, 143 F.R.D. at 586*.

Further, plaintiff cannot satisfy *Rule 15(c)(3)(B)* regarding these defendants. The present Rule does not differ from prior *Rule 15(c)* which allowed adding a defendant not accurately identified in the original Complaint. However,

1994 U.S. Dist. LEXIS 392, *37

*Rule 15(c)* was intended to protect a plaintiff when he mistakenly names a party and then discovers, after the relevant statute of limitations has run, [*38] the identity of the proper party. *Fed.R.Civ.P.15(c)* was never intended to assist a plaintiff who ignored or failed to respond in a reasonable fashion to notice a potential party, nor was it intended to permit a plaintiff to engage in piecemeal litigation.

*Jordan, 143 F.R.D. at 587, citing, Kilkenny v. Arco Marine, Inc., 800 F.2d 853, 857-58 (9th Cir. 1986); Unicure, Inc. v. Thurman, 97 F.R.D. 1, 6 (W.D. N.Y. 1982); Guitierrez v. Raymond Intern, Inc., 86 F.R.D. 684, 685 (S.D. Tex. 1980).*

Therefore, it is irrelevant whether the proposed party knew or should have known that the action would have been brought against him if there is lack of mistake in the identification of the proper party in the Complaint. *Jordan, 143 F.R.D. at 585.*

Clearly, a lawsuit against the Department of Justice is insufficient to impute to Attorney General Carpenter knowledge of his future status as a defendant. Similarly, an action against the Federal Bureau of Investigation and unidentified F.B.I. agents is inadequate to impute knowledge to S.A. Stuller. [*39] Plaintiff offer no grounds for why S.A. Stuller and Attorney General Carpenter should have been "uniquely aware that they were the parties in interest." *Doe v. Sullivan County, Tenn., 956 F.2d 545, 552 (6th Cir. 1992). Rule 15(c)* permits an amendment to relate back only where there has been an error made concerning the identity of a proper party and not where there is a lack of knowledge of the proper party. *Jordan, 143 F.R.D. at 588. Davis v. Frapolly, 742 F. Supp. 971, 973 (N.D. Ill. 1990).*

This Court granted plaintiff leave to amend his Complaint, but that does mean the defenses under *Rule 15* to such an amendment do not apply. This Court had previously struck plaintiff's latest attempt to amend his Complaint for nonconformance to D.Del.L.R.15.1 (D.I. 51). "Although requirements of technical pleading and conformity with procedural rules should be viewed liberally when a litigant is acting *pro se*, the rules are not suspended simply because the litigant is unrepresented by counsel. The *pro se* complainant must exercise

reasonableness and good faith in prosecution of his claims." *Carter v. Three Unknown Police Officers, 112 F.R.D. 48, 52 (D. Del. 1986).* [*40]

This amendment proposed to add new parties, not to substitute new defendants for a mistakenly named defendant. No mistake was made concerning the identity of S.A. Stuller and Attorney General Carpenter. Nor does this involve a name correcting amendment as to defendants Stuller and Carpenter. Since plaintiff failed to meet the requirements of *Rule 15(c)* and did not properly file or perfect his *Bivens* action within the limitation period under this Rule, plaintiff's Amended Complaint should not be allowed and his action should be dismissed as to these defendants.

However, a different result occurs when applying *Rule 15(c)* to S.A. Atkins. Unlike the other defendants, S.A. Atkins was named in the body of the original Complaint. In fact, he was the only individual identified in the original pleading. Further, service of the original Complaint on behalf of the F.B.I. was accepted by this defendant. Therefore, there are facts to support that S.A. Atkins was aware of this action and the allegations relating to his conduct within the time period required under *Rule 15(c)(3).*

Service of Process/Personal Jurisdiction

Before any federal court can exercise jurisdiction over a defendant, service [*41] of the summons as required under *Fed.R.Civ.P.4* must be met. *Omni Capital International, Ltd. v. Rudolph Wolff and Co., 484 U.S. 97, 104, 98 L. Ed. 2d 415, 108 S. Ct. 404 (1987).* In the present case, there no evidence in the file that plaintiff has made any attempt to serve the individual defendants with a copy of his Amended Complaint as required under the Federal Rules of Civil Procedure.

Pursuant to *Rule 4*, service of process on individual defendants who are officers of the United States can be accomplished in a variety of ways:

1. By delivering a copy of the summons and complaint to the individual personally. *Rule 4(d)(1)*

2. By leaving copies of the summons and complaint at the individual's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein. *Rule 4(d)(1)*

1994 U.S. Dist. LEXIS 392, *41

3. By delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process. *Rule 4(d)(1)*.

4. By serving the United States and by sending a copy of the summons and of the complaint by registered or certified mail to the officer. *Rule 4(d)(1)*.

5. By mailing a copy of the summons and the Complaint by first class mail, postage [*42] prepaid to the person to be served along with two copies of the notice and acknowledgement and a return envelope, postage prepaid addressed to the sender. *Rule 4(d)(2)(C)*.

In this circumstance, plaintiff only attempted service was by mail directed to William Carpenter at the United States Attorney's Office. No attempt whatsoever was made to serve the Amended Complaint on the F.B.I. agents named therein. Service of the Amended Complaint was required upon each of these defendants. *Fed.R.Civ.P.5(a)*.

As to what is proper service under *Rule 4*, in part depends upon the capacity in which the federal officer is being sued and the basis of plaintiff's claims. For example, when a plaintiff is seeking money damages from a federal officer in a *Bivens* action, service must be made under *Fed.R.Civ.P.4(d)(1)*. *Johnston v. Home, 875 F.2d 1415 (9th Cir. 1989)*. Other jurisdictions have held that *Fed.R.Civ.P.4(d)(5)* does not apply to *Bivens* suits. *Lewellen v. Morley, 875 F.2d 118 (7th Cir. 1989)*. Further, it has been recognized that although the United States Attorney's Office was properly served pursuant to *Fed.R.Civ.P.4(d)(4)*, such [*43] service did not obviate the requirement of personal service under *Rule 4(d)(1)* when the action is in substance against a federal official in his individual capacity. *Delgado v. Federal Bureau of Prisons, 727 F. Supp. 24, 26 (D.C. D.C. 1989)*.

It is unclear from plaintiff's proposed Amended Complaint as to the capacity in which he has sued the individual F.B.I. agents. However, it is clear that plaintiff

has failed to have them served either under *Rule 4(d)(1)*, or under *Rule 4(d)(5)*.

Plaintiff has made no attempt to have these defendants served and has provided no good cause for this failure. Plaintiff has not met the time limitations for service under *Fed.R.Civ.P.4(j)*. Although plaintiff did not receive this Court's Order of August 4, 1993 directing him to respond to defendants' motion, that was not due to the conduct of either the Court or defendants. Rather, it was due to plaintiff's failure to provide an updated address for receipt of mail. Therefore, failure to have the individual F.B.I. defendants properly served under *Rule 4* is caused for dismissal of plaintiff's action. *National Impeachment Coalition v. U.S. Capitol Police,* 1988 WL 33038 (D.C. [*44] D.C. 1988).

### Rule 41

Under *Fed.R.Civ.P.41(a)(2)* and *(b)*, this Court may order dismissal of an action for failure to prosecute and/or for failure on the part of plaintiff to comply with its Orders. Pursuant to D.Del.L.R.41.1 in each case pending where no action has been taken for a period of three (3) months, this Court may, after reasonable notice, enter an Order dismissing the case, unless good reason for the inaction is given.

It has been almost a year since the filing of plaintiff's proposed Amended Complaint. Further, it has been almost ten months since the filing of defendants' motion to dismiss and brief in support thereof. During this time, there has been no response whatsoever from plaintiff, despite this Court's attempt to contact him. For this reason, this action should be dismissed.

For the reasons contained herein, defendants motion to dismiss shall be GRANTED and plaintiff's action should be DISMISSED.

An Order consistent with this Report and Recommendation shall follow.