**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| JESUS DIAZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-550-SLR |
| | ) | |
| WARDEN THOMAS CARROLL, CMS | ) | JURY TRIAL DEMANDED |
| CORRECTIONAL MEDICAL SERVICE, | ) | |
| CPL MERSON, LEE ANNE DUNN, | ) | |
| DEBORAH RODWELLER, and CINDY | ) | |
| ATALLIAN, | ) | |
| Defendants. | ) | |

**STATE DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND THE COMPLAINT**

COME NOW, defendants Carroll, Merson, and Atallian ("State Defendants") by and through undersigned counsel and hereby oppose Plaintiff's "Motion to Amend Pursuant to Federal Rule of Civil Procedure 15(a)". (D.I. 64). In support of their position, State Defendants state the following:

1.      On September 5, 2006, Jesus Diaz ("Plaintiff"), an inmate incarcerated at the Delaware Correctional Center ("DCC"), commenced this action by filing a Complaint pursuant to 42 *U.S.C.* § 1983 with leave to proceed *in forma pauperis* against the above-captioned defendants. (D.I. 1, 2).

2.      State Defendants filed an Answer to the Complaint on March 12, 2007. (D.I. 17). Defendants CMS, Dunn, and Rodweller filed a Motion to Dismiss the Complaint on April 19, 2007. (D.I. 20, 21). On July 26, 2007, the Court dismissed Defendants Dunn and Rodweller from the Complaint and dismissed certain claims against Defendant CMS, but denied the motion to dismiss Defendant CMS entirely. (D.I. 26, 27). Defendant CMS filed an Answer to the

Complaint on August 31, 2007.  (D.I. 29).

3.      A scheduling order was entered by the Court on July 27, 2007. (D.I. 28).  The Order required that discovery be completed by November 30, 2007 and dispositive motions be filed by January 2, 2008.  (D.I. 28).  On January 14, 2008, the Court granted the joint request of defendants to extend the dispositive motion deadline to February 4, 2008.  (D.I. 51, 53).  On February 5, 2008, the Court granted the request of CMS to extend the dispositive motion deadline to February 29, 2008.  (D.I. 59, 60).

4.      Discovery in this case closed on November 30, 2007.  State Defendants moved for summary judgment on January 23, 2008 (D.I. 55, 56).  CMS moved for summary judgment on February 29, 2008.  (D.I. 61, 62).

5.      On April 11, 2008, four months after discovery closed and after all deadlines for the completion of summary judgment briefing, Plaintiff filed a Motion seeking to add Chad Bar, James Welch, and Gary Markowitz as defendants to the action.  (D.I. 64).  This is State Defendants' Opposition to any amendments to the Complaint at this stage of the litigation. Specifically, State Defendants oppose Plaintiff's motion to add Department of Correction employee James Welch as a defendant.

6.      Plaintiff does not provide a reason why these defendants were not named in his original Complaint, nor does not provide the Court with a legal basis for adding these three defendants after discovery in this matter has closed and all defendants have moved for summary judgment.

7.      Federal Rule of Civil Procedure 15(a) states that a party may amend his pleadings after the responsive pleading has been served "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."   A court should deny a

plaintiff's leave to amend where the plaintiff is "guilty of undue delay, bad faith, dilatory motive, prejudice, or his or her amended claims are futile." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

8.      Federal Rule of Civil Procedure 15(c) outlines the requirements for relation back of amendments to a complaint.   "Where the effort is to add new parties, courts apply subparagraph (3), and inquire whether the defendants (A) received such notice that they will not be prejudiced in maintaining a defense on the merits and, (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought with the original claims." *Nelson v. County of Allegheny*, 60 F.3d 1010, 1014 (3d Cir. 1995).

9.      Because State Defendants are opposed to Plaintiff's request to amend, Rule 15(a) requires that Plaintiff have permission of the Court to amend his complaint.  Plaintiff must also satisfy the relation back requirements of Rule 15(c) because claims against the parties he seeks to add are barred by the applicable two-year statute of limitations.  Plaintiff's motion to amend should be denied because it is filed in bad faith, untimely, the result of undue delay, and futile. Further, Plaintiff has not and can not satisfy Rule 15(c) and his claims are time-barred.

10.      Plaintiff's motion to amend is untimely and Plaintiff is guilty of undue delay.  The discovery deadline was over four months ago and the defendants have filed dispositive motions with supporting documentation.  This case is ripe for a summary judgment determination by the Court.  If added at this stage of the litigation, James Welch will be prejudiced in maintaining a defense on the merits.   Plaintiff provides no justification for his untimely motion, he is guilty of undue delay, and the motion to amend should be denied.

11.      Plaintiff's Motion to Amend is filed in bad faith.  Plaintiff asserts in his motion that he is seeking to add James Welch because "he has the duties of overseeing the contract

between the Department of Corrections and the medical provider CMS."   (D.I. 64, at 2).

Plaintiff also alleges he wrote to Mr. Welch about his medical concerns and received no

response.  Plaintiff attaches this purported correspondence to his motion.  It is a letter to James

Welch, dated April 8, 2008, complaining about his medical treatment and requesting assistance

in obtaining medical treatment.  (D.I. 64-2, at 1).  Noticeably, Plaintiff's motion to amend is also

dated April 8, 2008.  Thus, based on the documents submitted by Plaintiff in support of his

motion, Plaintiff sent the letter to James Welch on the very same date that he filed a motion

seeking to add James Welch as a defendant to his lawsuit.  Plaintiff misrepresents his position to

the Court and seeks to randomly add parties to his lawsuit based on his misrepresentations, and

absent any legal basis.

      12.    Plaintiff's motion is futile.  Even assuming *arguendo* that Plaintiff did provide

evidence that he contacted James Welch *prior* to seeking to add him as a defendant, it would not

be an adequate legal basis for adding him to the suit.  Simply writing to a prison official and

complaining does not subject that official to constitutional liability.  Plaintiff must prove that

James Welch personally directed, had actual knowledge of, or acquiesced in the alleged

deprivation of his constitutional rights.  *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir.

1988).  Plaintiff makes no such assertion, his proposed claims against James Welch have no

merit, and his motion is futile.

      13.    Plaintiff's allegations related to James Welch overseeing the medial contract are

also futile.  As this Court held in its decision on the Motion to Dismiss of the medical

defendants, Plaintiff's breach of contract claim can not survive unless an affidavit of merit is

included in the Complaint.  (D.I. 26, at 10).  Plaintiff did not include an affidavit of merit and his

contract claims against the medical defendants were dismissed.  Plaintiff also has not included an

affidavit of merit with his motion to amend.  The contract claims he seeks to add against James

Welch has no merit and would be futile.

14.    Plaintiff's claims are time-barred and do not satisfy the relation back

requirements.  Plaintiff never asserted any unknown parties in his Complaint, and Plaintiff has

provided no evidence to establish that James Welch had any reason to know of Plaintiff's

allegations at the time of the filing of the Complaint.  Any additional claims added against James

Welch can not relate back to the time of the filing of the Complaint because James Welch did not

have the requisite notice or knowledge under Rule 15(c).  Thus, James Welch would be

prejudiced in maintaining a defense should he be added as a defendant at this stage of the

litigation.  Plaintiff's asserted new claims against James Welch would be time-barred and

Plaintiff's motion should be denied.

15.    Plaintiff's request to amend his Complaint months after the discovery deadline

and after the completion of briefing on dispositive motions is the result of undue delay, and

Plaintiff's motion is filed in bad faith and with dilatory motive.  Plaintiff's asserted new claims

have no merit and are time-barred, thus the amendment would be futile.

**WHEREFORE**, State Defendants respectfully request that this Honorable Court deny

Plaintiff's "Motion to Amend Pursuant to Federal Rule of Civil Procedure 15(a)".

> **STATE OF DELAWARE**
> **DEPARTMENT OF JUSTICE**
>
> */s/ Stacey X. Stewart*
> Stacey X. Stewart, # 4667
> Deputy Attorney General
> 820 North French Street, 6th Floor
> Wilmington, DE 19801
> (302) 577-8400
> stacey.stewart@state.de.us

Dated:  April 22, 2008                              *Attorney for State Defendants*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JESUS DIAZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-550-SLR |
| | ) | |
| WARDEN THOMAS CARROLL, CMS | ) | |
| CORRECTIONAL MEDICAL SERVICE, | ) | |
| CPL MERSON, LEE ANNE DUNN, | ) | |
| DEBORAH RODWELLER, and CINDY | ) | |
| ATALLIAN, | ) | |
| Defendants. | ) | |

## ORDER

Upon the Plaintiff's "*Motion to Amend Pursuant to Federal Rule of Civil Procedure 15(a)*" and Defendants Carroll, Merson, and Atallians' Response in Opposition to the Motion; and it appearing that good and sufficient notice of Plaintiff's Motion and Defendants' Opposition has been given; and after due deliberation thereon:

**IT IS HEREBY ORDERED** that Plaintiff's *Motion to Amend Pursuant to Federal Rule of Civil Procedure 15(a)* is **DENIED**.

SO ORDERED this _____ day of _____, 2008.

_____
The Honorable Sue L. Robinson
United States District Court Judge

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2008, I electronically filed *State Defendants' Response in Opposition to Plaintiff's Motion to Amend* with the Clerk of Court using CM/ECF causing service to be sent to registered parties.  I hereby certify that on April 22, 2008, I have mailed by United States Postal Service, the document to the following non-registered participants:

Jesus Diaz
SBI # 474251
Delaware Correctional Center
1181 Paddock Road.
Smyrna, DE. 19977

/s/ Stacey X. Stewart
Stacey X. Stewart, # 4667
Deputy Attorney General
Department of Justice
820 N. French St., 6th Floor
Wilmington, DE 19801
(302) 577-8400
stacey.stewart@state.de.us