IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JESUS DIAZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 06-550 SLR |
| | ) | |
| WARDEN THOMAS CARROLL, CMS | ) | JURY TRIAL |
| CORRECTIONAL MEDICAL SERVICE, CPL. | ) | DEMANDED |
| MERSON, LEE ANNE DUNN, DEBORAH | ) | |
| RODWELLER and CINDY ATALLIAN, | ) | |
| | ) | |
| Defendants. | ) | |

**REPLY OF DEFENDANT, CORRECTIONAL MEDICAL SERVICES, INC.,
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

       MARSHALL, DENNEHEY, WARNER,
       COLEMAN & GOGGIN
BY:  */s/ Eric Scott Thompson*
       KEVIN J. CONNORS, ESQ.
       DE Bar ID: 2135
       ERIC SCOTT THOMPSON, ESQ.
       DE BAR ID: 4633
       1220 North Market Street, 5th Fl.
       P.O. Box 8888
       Wilmington, DE 19899-8888
       Attorneys for Defendant, Correctional Medical
       Services, Inc.

DATED: April 25, 2008

## ARGUMENTS

### I. PLAINTIFF'S RESPONSE TO CMS' MOTION FOR SUMMARY JUDGMENT WAS UNTIMELY

On February 5, 2008, this Court entered an Order setting dispositve motion deadlines as follows:

  (a) Opening briefs due: 2/29/08;
  (b) Answering briefs due: 3/28/08;
  (c) Reply briefs due: 4/11/08.

(D.I. 60).

On February 29, 2008, CMS filed its Motion for Summary Judgment. (D.I. 61). Plaintiff did not file a response until April 14, 2008, seventeen (17) days after it was due. (D.I. 65). Therefore, this Court should strike Plaintiff's Answering Brief for being untimely and grant CMS' Motion for Summary Judgment as unopposed.

### II. PLAINTIFF DOES NOT HAVE A SERIOUS MEDICAL NEED

Plaintiff's only response to CMS' argument he does not have a serious medical need is that Dr. Demello's examination on March 28, 2008 apparently revealed he needs eye surgery and treatment beyond that provided by CMS. What treatment he needs beyond that provided by CMS is not set forth. This is merely Plaintiff's opinion and not that of any properly identified expert. However, no report or Affidavit has been provided from Dr. Demello to this effect. In addition, the discovery deadline was November 30, 2007 and Plaintiff did not identify any experts on or before this date. Lastly, Dr. Demello has still not been formerly identified as an expert nor is there any indication she is even willing to testify at trial.

However, even assuming Dr. Demello opined Claimant needed surgery, there is no evidence regarding why the surgery is needed. There is no evidence that the surgery is not for a new condition, that it is even related to the pterygium or it is a medical necessary as opposed to cosmetic like the surgery Plaintiff elected to undergo with Dr. Markowitz. It was Dr. Markowitz'

2

recommendation surgery could be performed "if [plaintiff] desires". *See* Exhibit "2" of the *Memorandum of Points and Authorities of Correctional Medical Services, Inc. in Support of Its Motion for Summary Judgment*.

A serious medical need is one that is "diagnosed by a physician as *requiring* treatment or one that is so obvious that a lay person would easily recognize the need for a doctor's attention."[1] Plaintiff has offered no evidence beyond his statement that surgery is required. Plaintiff believes Dr. Demello will testify he needs surgery but there is no testimony or evidence to support this or even to what the surgery is related. Plaintiff's bald assertion that a doctor has stated he needs surgery without any additional proof does not make the condition a serious medical need. Plaintiff must produce more than his mere statement to establish he has a serious medical need. Therefore, since there is no evidence Plaintiff has a serious medical need, his Complaint should be dismissed.

### III. THE ARGUMENTS OF CMS TO WHICH PLAINTIFF OFFERS NO RESPONSE SHOULD BE DEEMED UNOPPOSED AND GRANTED

CMS argued in its Motion for Summary Judgment that it could not be held liable for Constitutional claims asserted by Plaintiff because Plaintiff failed to offer any evidence that CMS demonstrated a deliberate indifference to his medical needs. There is no evidence CMS deliberately and intentionally denied or delayed treatment to Plaintiff. In fact, when he was sent for a consultation with an eye expert, Dr. Markowitz, the recommendation was that he "may consider excision of pterygium, if desires." *See* Exhibit "2" of the *Memorandum of Points and Authorities of Correctional Medical Services, Inc. in Support of Its Motion for Summary Judgment*. No opinion was provided that he needed to have surgery. In addition, there is no evidence his condition was worsened or affected at all as a result of any action or inaction by

---

[1] *Monmouth County Correctional Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3rd Cir. 1987).

CMS. This is because appropriate care was provided and Plaintiff even underwent *elective* surgery with Dr. Markowitz. There is no evidence Plaintiff's condition now is a result of the natural course of his pterygium condition or that it would not have progressed to this stage no matter what treatment was provided.

It is difficult to understand how Plaintiff can be provided regular treatment, consult an optometrist who opines surgery may be performed if Plaintiff desires, he elects to undergo that surgery, yet continues to claim his medical needs are not being met. This is clearly a case of Plaintiff receiving care and having a difference of opinion regarding the treatment he has received. A difference of opinion does not satisfy the "deliberate indifference prong of *Estelle*.[2] The fact that he has filed a Motion to Amend his Complaint to name Dr. Markowitz, who performed surgery on his eye, claiming Dr. Markowitz is responsible for the current condition of his eye is further proof that CMS did not deny or delay treatment but that Plaintiff is just not happy with the treatment he has received, including with the surgery he elected to undergo. Treatment was provided; however, Plaintiff is just not in agreement with the treatment provided. Again, this does not satisfy the standard set forth in *Estelle* for liability to be imposed under § 1983.[3]

CMS also argued Plaintiff failed to exhaust all of his administrative remedies. To this Plaintiff responded it is his belief he has attempted to appeal all actions and inactions taken by the grievance board process. The standard is not whether the inmate believes he has exhausted all administrative remedies but that he *must* exhaust all administrative remedies.[4] Therefore, since Plaintiff is unable to provide any proof, or even state definitively, that he has appealed all administrative remedies, this Court must dismiss his Complaint.

---

[2] *Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976).
[3] *Id*.
[4] *See Woodford v. Ngo*, 126 S. Ct. 2378, 2383 (2006) ("(P)risoners must now exhaust all 'available' remedies, not just those that meet federal standards."); *Booth v. Churner*, 206 F.3d 289, 294-295 (3rd Cir. 2000)(§1997e(a) mandates that exhaustion of administrative procedures is required, regardless of the relief offered.)

4

**CONCLUSION**

Based upon the foregoing, all claims against Defendant, Correctional Medical Services, Inc., should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 37(b) and/or 12 (b)(6) for Plaintiff's refusal to allow Defendants to take his deposition and for failure to state any claim upon which relief can be granted. Alternatively, summary judgment should be awarded in favor of Defendant, Correctional Medical Services, Inc., and against plaintiff. Accordingly, Defendant, Correctional Medical Services, Inc., respectfully requests that the Amended Motion of Defendant, CMS, to Dismiss or in the Alternative Motion for Summary Judgment be granted.

                        MARSHALL, DENNEHEY, WARNER,
                        COLEMAN & GOGGIN
                        BY: */s/ Eric Scott Thompson*
                              KEVIN J. CONNORS, ESQ.
                              DE Bar ID: 2135
                              ERIC SCOTT THOMPSON, ESQ.
                              DE BAR ID: 4633
                              1220 North Market Street, 5th Fl.
                              P.O. Box 8888
                              Wilmington, DE 19899-8888
                              Attorneys for Defendant, Correctional Medical Services, Inc.

DATED: April 25, 2008
15/611788.v1

**CERTIFICATE OF SERVICE**

      I hereby certify that on this date, I electronically filed the **REPLY OF DEFENDANT, CORRECTIONAL MEDICAL SERVICES, INC., IN SUPPORT OF ITS AMENDED MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT** with the Clerk of Court using CM/ECF, which will send notification of such filing to the following:

Stacey Xarhoulakos, Esq.
Department of Justice
820 N. French Street, 8th Floor
Carvel Office Building
Wilmington, DE 19801

      I hereby certify that on this date, I have mailed by United States Postal Service, **REPLY OF DEFENDANT, CORRECTIONAL MEDICAL SERVICES, INC., IN SUPPORT OF ITS AMENDED MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT** to the following non-registered participant:

Aaron K. Carter
SBI# 179415
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

                                   MARSHALL, DENNEHEY, WARNER,
                                   COLEMAN & GOGGIN
                               BY:   */s/ Eric Scott Thompson*
                                        KEVIN J. CONNORS, ESQ.
                                        DE Bar ID: 2135
                                        ERIC SCOTT THOMPSON, ESQ.
                                        DE BAR ID: 4633
                                        1220 North Market Street, 5th Fl.
                                        P.O. Box 8888
                                        Wilmington, DE 19899-8888
                                        Attorneys for Defendant, Correctional Medical
                                        Services, Inc.

DATED: April 25, 2008