## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| JESUS DIAZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-550-SLR |
| | ) |
| WARDEN THOMAS CARROLL, | ) |
| CORRECTIONAL MEDICAL | ) |
| SERVICES, INC., CPL MERSON, and | ) |
| CINDY ATALLIAN, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

At Wilmington this 𝒾ᵗʰ day of September, 2008, having reviewed plaintiff's motion to alter or amend judgment pursuant to Federal Rule Civ. P. 59(e), which the court construes as a motion for reconsideration;

IT IS ORDERED that the motion (D.I. 76) is **denied** for the reasons that follow:

1. **Background**. Plaintiff, who appears pro se and was granted leave to proceed in forma pauperis, filed this civil rights case pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights under the Eight and Fourteenth Amendments and claims for breach of contract under State law. On August 1, 2008, the court entered a memorandum opinion and order granting summary judgment in favor of defendants. (D.I. 71, 72) Judgment was entered on August 4, 2008. (D.I. 73)

2. Plaintiff moves for reconsideration on the grounds that the court did not give reasons for rendering its decision, he was not given an opportunity to properly litigate this matter and was unaware that a decision was pending, and there was "no way possible" for him to be aware of the decision until he received a copy of the judgment.

(D.I. 76)

3. **Standard of Review**. The standard for obtaining relief under Rule 59(e) is difficult for plaintiff to meet. The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration may be granted if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999).

4. A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon,* 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument is only appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA*, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

5. **Discussion**. Plaintiff's position is not supported by the record. The court issued a fifteen page memorandum opinion explaining its reasons for granting defendants' summary judgment and denying plaintiff's motion to amend. (*See* D.I. 71)

2

Moreover, plaintiff was aware of the pending motions for summary judgment, having filed answering briefs to defendants' motions for summary judgment. (See D.I. 65, 70) Plaintiff has not demonstrated any of the grounds necessary to warrant reconsideration and, therefore, his motion is **denied**.

UNITED STATES DISTRICT JUDGE

3